473 So.2d 842 (1985)
Ronnie E. CHAPLIN, Appellant,
v.
STATE of Florida, Appellee.
No. BD-30.
District Court of Appeal of Florida, First District.
August 13, 1985.
Ronnie E. Chaplin, pro se.
Jim Smith, Atty. Gen., Gregory C. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
L. SMITH, Judge.
Appellant filed a motion for post-conviction relief asserting various scoring errors under the sentencing guidelines. The trial court summarily denied the motion on the grounds that sentencing errors under the guidelines should be raised on direct appeal and that the point calculations for the determination of appellant's guidelines sentence were correct. We reverse.
Appellant was found guilty by a jury of two counts of armed robbery on October 12, 1983. He elected to be sentenced under the guidelines and a guidelines scoresheet was prepared. Although appellant alleges several errors with respect to the scoresheet, only one has merit. Specifically, appellant complains that his prior conviction for assault with intent to commit robbery should not have been treated as a prior category 3 offense and that the addition of 25 points to his guidelines score on this basis was error. As prepared below, appellant's guidelines score  including 25 points *843 for the prior category 3 offense  totaled 186 points, for a recommended range of 9-12 years. Based upon this recommended range, the trial court sentenced appellant to a term of 12 years on each count of armed robbery to run concurrently. With the additional 25 points deleted, appellant's guidelines score would have been 161 points, for a recommended sentencing range of 7-9 years.
On appellant's direct appeal from his convictions his counsel did not raise this sentencing guidelines error. Chaplin v. State, 449 So.2d 981 (Fla. 1st DCA 1984). The error was first raised in appellant's present motion for post-conviction relief. On appeal from the trial court's order denying this motion, this court entered an order requesting the state to submit a brief addressing the issues of the propriety of a motion for post-conviction relief as a vehicle for addressing sentencing errors under the sentencing guidelines, and the propriety of the trial court's scoring of appellant's prior conviction of assault with intent to commit robbery. Not unpredictably, the state argues that sentencing guidelines errors can and should be raised on direct appeal, and thus may not be raised by way of a motion for post-conviction relief. At the same time, the state acknowledges that appellant's conviction for assault with intent to commit robbery was improperly scored as a prior category 3 offense.
It is true, as the state posits, that post-conviction proceedings may not be used to raise for the first time issues which were or could have been litigated on direct appeal. Raulerson v. State, 462 So.2d 1085 (Fla. 1985); Jones v. State, 446 So.2d 1059 (Fla. 1984); and Hitchcock v. State, 432 So.2d 42 (Fla. 1983). Moreover, Sections 921.001(5) and 924.06(1)(e), Florida Statutes (1983), specifically provide for appellate review of sentences outside the guidelines. On the other hand, it is clear that an illegal sentence may be attacked via a motion for post-conviction relief, Robie v. State, 451 So.2d 1029 (Fla. 2d DCA 1984), even though the defendant fails to raise the issue in the trial court and is thereby precluded from raising it on direct appeal. Spurlock v. State, 449 So.2d 973 (Fla. 5th DCA 1984). The courts have held that the proper remedy for a convicted felon seeking relief from a sentence is to apply to the trial court for post-conviction relief. Lamar v. State, 443 So.2d 414 (Fla. 4th DCA 1984); and Hill v. State, 434 So.2d 974 (Fla. 5th DCA 1983). Appellant understandably argues that his twelve-year concurrent sentences are illegal, since his correct guidelines score (161 points) dictates a guidelines range of seven years to a maximum of nine years.
In Wahl v. State, 460 So.2d 579 (Fla. 2d DCA 1984), the Second District Court of Appeal held that a departure from the sentencing guidelines may not be raised in a motion for post-conviction relief. The court reasoned that since the sentencing error complained of was not of fundamental dimension and could have been raised by way of appeal, it could not be asserted in a motion for post-conviction relief.
However, Wahl can be distinguished on the grounds that it involved a departure error, not a technical sentencing guidelines computation error as is involved in this case. Whether or not to depart is a matter of discretion subject only to certain requirements contained within Rule 3.701, Florida Rules of Criminal Procedure. Discretionary rulings are typically not a proper subject for post-conviction relief.
In response to the state's argument that guidelines errors must be raised on direct appeal rather than in post-conviction relief proceedings, we note the recent decisions of this court addressing the question of which guidelines errors may be considered on direct appeal when there has been no contemporaneous objection to the guidelines sentencing error in the trial court. Compare Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA 1985), with Dailey v. State, 471 So.2d 1349 (Fla. 1st DCA 1985). In Dailey, this court found that certain guidelines sentencing errors not objected to in *844 the trial court were not determinable from the record on appeal, required an evidentiary hearing, and could not be initially raised in this court on direct appeal. This ruling leaves open the possibility that the errors could be raised by way of motion for post-conviction relief which gives the opportunity for an evidentiary determination. As is obvious from this court's Dailey decision, not all sentencing guidelines errors are cognizable on direct appeal.
We think that the sentencing computation error alleged in this case can be analogized to those cases which have permitted post-conviction relief for errors in the computation of credit for jail time. Roesch v. State, 446 So.2d 269 (Fla. 2d DCA 1984); Lamar v. State, supra; Jablonskis v. State, 422 So.2d 356 (Fla. 5th DCA 1982). Although this type of sentencing error may be raised by way of direct appeal, the courts have nevertheless allowed it to be remedied in post-conviction proceedings under Rule 3.850, Florida Rules of Criminal Procedure. James v. State, 443 So.2d 510 (Fla. 1st DCA 1984); Polk v. State, 418 So.2d 388 (Fla. 1st DCA 1982).
Here, since the state has conceded error, it would serve no purpose to remand for an evidentiary hearing. However, we decline to order that appellant's sentence be corrected so as to fall within the sentencing guidelines range of 7-9 years, for the reason that there remains the possibility that had the trial judge been confronted with the correct guidelines range, he would have imposed a sentence outside the guidelines. We note that at sentencing, the trial judge expressed the view that the guidelines range of 9-12 years was "substantially low," given appellant's crimes. Obviously then, when faced with an even lower range, the trial judge might wish to consider whether a departure should be ordered.
Appellant's sentence is vacated. The cause is remanded for sentencing proceedings consistent with this opinion.
ERVIN and NIMMONS, JJ., concur.