485 So.2d 471 (1986)
Bush Wade HOLLAND, Appellant,
v.
STATE of Florida, Appellee.
No. BF-209.
District Court of Appeal of Florida, First District.
March 18, 1986.
Bush Wade Holland, Pro Se.
Jim Smith, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
SHIVERS, Judge.
We grant the appellee's motion for rehearing, vacate the prior opinion, and substitute the following:
This is an appeal of the trial court's denial of appellant's motion for post-conviction relief pursuant to Rule. 3.850, Fla.R. Crim.P. We affirm.
The appellant in this case was originally charged with DWI manslaughter (Count I), manslaughter (Count II), leaving the scene of an accident (Count III), and driving with a suspended or revoked license (Count IV), all alleged to have occurred on July 28, 1984. The second count (manslaughter) was nolle prossed and appellant pled nolo contendere to Counts I, III, and IV. A sentencing guidelines scoresheet was then prepared, reflecting a total of 150 points and a recommended range of seven to twelve years incarceration. Defendant was sentenced on December 5, 1984 to twelve years incarceration on Count I to be followed by a three-year term of probation (to expire on July 28, 1999), five years probation on Count III (to expire on July 28, 2004), and one year probation on Count IV (to expire on July 28, 2005). As grounds for departure, the lower court attached a "laundry list" from which he checked off several "aggravating circumstances" and added a hand-written note *472 under the section entitled "other reasons." Appellant was also ordered to make restitution in the amounts of $46,462.75 and $249.65.
No direct appeal was filed. A first motion for post-conviction relief was filed raising, as grounds, that there was no statutory provision under section 316.1931 relating to manslaughter. That motion was denied on January 4, 1985 without a hearing. Defendant then filed the instant motion for post-conviction relief raising, as grounds: (1) that the scoring of 16 points for an additional offense at conviction was erroneous since the charge was nolle prossed by the State; (2) that the court imposed an excessive split sentence; and (3) that the restitution order was invalid because no hearing was held on the matter. The second motion was also denied without a hearing, the trial court finding the motion to be without merit and facially deficient. We affirm the denial.
First, we find the argument regarding the restitution order to be without merit. A trial court must either give a defendant prior notice that the issue of restitution will be raised at the sentencing hearing or, if the issue is raised at the hearing without defendant having been given prior notice and the defendant objects or otherwise contests the proposed restitution, the trial judge must continue the hearing for a reasonable time and allow the defendant to be heard on the restitution issue. Goodson v. State, 400 So.2d 791 (Fla. 2d DCA 1981), Wilson v. State, 407 So.2d 1078 (Fla. 1st DCA 1982). The record on appeal indicates that restitution was raised at the sentencing hearing, but that the defendant did not object to or contest the proposed restitution amount in any manner. Thus, reversal on this point is not required.
Second, the remaining two issues could have been raised by way of direct appeal and, therefore, may not be considered by way of a motion for post-conviction relief. Bass v. State, 478 So.2d 461 (Fla. 1st DCA 1985); Smith v. State, 453 So.2d 388 (Fla. 1984); Rule 3.850. In so holding, we have not overlooked this court's ruling in Chaplin v. State, 473 So.2d 842 (Fla. 1st DCA 1985), review granted, Case No. 67,492. In that case, the court held that a sentencing computation error similar to those in Issues I and II of the instant case could be raised in a motion for post-conviction relief even though it could also have been raised by direct appeal. The facts in the instant case are distinguishable, however, in that the sentence imposed here was the result of a plea-bargain agreement. Therefore, the ruling in Chaplin does not apply.
Accordingly, we affirm the trial court's denial of appellant's second motion for post-conviction relief.
WIGGINTON, J., concurs.
WENTWORTH, J., concurs specially, with an opinion.
WENTWORTH, Judge, concurring specially.
I agree only with the conclusion for affirmance, and would note the absence of any response by the state until rehearing.