490 So.2d 52 (1986)
STATE of Florida, Petitioner,
v.
Ronnie E. CHAPLIN, Respondent.
No. 67492.
Supreme Court of Florida.
June 26, 1986.
Jim Smith, Atty. Gen. and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for petitioner.
F. Townsend Hawkes of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tallahassee and Ronnie E. Chaplin in pro. per., Sneads, for respondent.
EHRLICH, Justice.
We have for our review Chaplin v. State, 473 So.2d 842 (Fla. 1st DCA 1985), which expressly and directly conflicts with other decisions of this court and other district courts of appeal. We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and approve the decision below.
Respondent was found guilty by a jury of two counts of armed robbery. Respondent elected to be sentenced under the sentencing guidelines and his score sheet totaled 186 points for a recommended range of 9-12 years incarceration. However, as the state concedes, the score sheet erroneously contained an additional 25 points, which, if properly calculated initially, would have resulted in a total point score of 161, for a recommended range of 7-9 years. Counsel for respondent did not raise this computational error on direct appeal, Chaplin v. State, 449 So.2d 981 (Fla. 1st DCA 1984), but instead raised this issue for the first time in a motion for post-conviction *53 relief, which was denied by the trial court. The district court reversed, analogizing the instant computational error to those cases which have permitted post-conviction relief for errors in the computation of credit for jail time. 473 So.2d at 844.
In State v. Whitfield, 487 So.2d 1045 (Fla. 1986), we held that a computational error in a sentencing guidelines score sheet could be raised on direct appeal even though a contemporaneous objection was not made at trial, where "the impact of the error was that the trial court departed from the sentencing guidelines in rule 3.701 without making the mandatorily written, clear and convincing reasons for departure." At 1047. We also amended Rule of Criminal Procedure 3.800(a) in order to facilitate the correction of these computational errors at the trial court level. Id. at 1047. This amendment is dispositive of the issue before us, as it allows the trial court to correct, at any time, an incorrect calculation of a sentencing guidelines score sheet.
Accordingly, we approve the result reached by the district court below.[1]
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, SHAW and BARKETT, JJ., concur.
NOTES
[1] We agree with the district court that respondent is entitled to have his guidelines score sheet correctly calculated and, similarly, that the trial court should be given an opportunity to consider whether departure from the guidelines should be ordered. 473 So.2d at 844.