508 So.2d 5 (1987)
Bush Wade HOLLAND, Petitioner,
v.
STATE of Florida, Respondent.
No. 68605.
Supreme Court of Florida.
May 28, 1987.
Bush Wade Holland, in pro. per.
Robert A. Butterworth, Atty. Gen. and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Holland v. State, 485 So.2d 471 (Fla. 1st DCA 1986), because of apparent conflict with State v. Chaplin, 490 So.2d 52 (Fla. 1986). Art. V, § 3(b)(3), Fla. Const.
Bush Wade Holland was originally charged with DWI manslaughter (Count I), manslaughter (Count II), leaving the scene of an accident (Count III), and driving with a suspended or revoked license (Count IV). Pursuant to a plea agreement, Count II was nol-prossed. Holland pled nolo contendere to the remaining three counts and was sentenced to twelve years in prison to be followed by three years probation on Count I, five years probation on Count III, and one year probation on Count IV, to run consecutively. He was also ordered to make restitution. There was no appeal from the judgment and sentence.
Holland subsequently filed a 3.850 motion alleging that he was entitled to post-conviction relief on the following grounds: (1) the improper guidelines scoring of sixteen *6 points for an additional offense at conviction when that charge had been nol-prossed; (2) the imposition of an excessive split sentence; and (3) the ordering of restitution without a hearing on the restitution issues. The trial court found this motion to be facially deficient and denied it without a hearing. The district court of appeal affirmed, finding that Holland's argument regarding restitution was without merit and that the other two issues were procedurally barred because they could have been raised on direct appeal. Although the district court recognized that in Chaplin this Court determined that trial courts may correct erroneous calculations in a sentencing guidelines scoresheet at any time, it distinguished the instant case from Chaplin by noting that Holland's sentence was the result of a plea bargain.
Holland's contention of an erroneous guidelines calculation is based on the fact that prior to the plea hearing, a sentencing guidelines scoresheet had been prepared which reflected that Holland fell into the seven to twelve years prison range. Had a new scoresheet been prepared after the plea was accepted, the recommended range would have been three to seven years because of the nol-pros of Count II. Thus, Holland asserts that with respect to the crimes of which he was convicted, the guidelines were improperly computed.
Clearly, an erroneous guidelines calculation can be raised by a motion for post-conviction relief. Chaplin. However, upon consideration, we now conclude that there was not an erroneous calculation in this case. The only reason the guidelines range ultimately fell below Holland's sentence was because of the elimination of Count II which was part of the plea bargain. If the sentence is considered a departure from the guidelines, the plea bargain constituted a valid reason for the departure. Bell v. State, 453 So.2d 478 (Fla.2d DCA 1984); Key v. State, 452 So.2d 1147 (Fla. 5th DCA 1984).
We note that Holland has made no allegation of ineffective counsel. There is a suggestion in the file that he may have accepted the plea bargain to avoid the possibility of receiving a departure sentence which exceeded the guidelines, but we express no opinion on this.
As the opinion below does not conflict with Chaplin, we deny the petition for review.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.