PER CURIAM.
Because the state properly concedes that the sentencing guidelines scoresheet was incorrectly calculated below at the defendant Alejandro Viqueira’s sentencing hearing, the seven-year guidelines sentence imposed below is reversed and the cause is remanded for resentencing based on a correctly computed sentencing guidelines scoresheet; the defendant need not be present for this resentencing. In all other *27 respects, however, the judgment of conviction for sale of cocaine is affirmed.
It appears that the defendant Viqueira was incorrectly scored on the guidelines scoresheet under “prior record” for a first degree felony conviction of burglary of a structure with a dangerous weapon, when, in fact, the defendant had been convicted of attempted burglary of a structure with a dangerous weapon, a second degree felony. Sections 777.04(4)(b), 810.02(2), Fla. Stat. (1985). The state and defendant disagree as to whether this scoring error would change the permitted sentencing guidelines range which was used in imposing the original sentence in this case; we conclude that the trial court should resolve this dispute at resentencing and thereafter impose a sentence. State v. Chaplin, 490 So.2d 52 (Fla.1986); State v. Whitfield, 487 So.2d 1045 (Fla.1986).
Affirmed in part; reversed in part and remanded for resentencing.