605 So.2d 522 (1992)
Preston BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1648.
District Court of Appeal of Florida, Fourth District.
September 9, 1992.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm the convictions and sentences of appellant for burglary of a conveyance, possession of burglary tools, and grand theft as we agree with the state that there was sufficient evidence consistent with appellant's guilt and inconsistent with appellant's hypothesis of innocence to warrant the denial of the motions for judgment of acquittal. State v. Law, 559 So.2d 187 (Fla. 1989). While appellant argues that the state proved mere presence of appellant at the stolen car and flight upon the approach of the police officers, there was much more circumstantial evidence. Appellant claims he was changing a tire on the car. The officers testified that appellant fled upon seeing them, and dropped the tire tool *523 which had been in the car's trunk whose lock had been punched out. The steering column of the car had been smashed as well as the dashboard and glove box. Further, all four wheels had most of the lug nuts removed and the hubcaps were on the ground in front of the car. The officers also testified that none of the tires appeared flat. Such evidence was inconsistent with appellant's theory that he was just helping a friend change a flat tire. Thus, the case was properly submitted to the jury.
We also affirm the sentence and order of restitution. Although appellant claims the state failed to demonstrate the amount of the victim's loss, appellant waived this issue by failing to object at the sentencing hearing. Butts v. State, 575 So.2d 1379 (Fla. 5th DCA 1991); Haines v. State, 571 So.2d 70 (Fla. 1st DCA 1990); Holland v. State, 485 So.2d 471 (Fla. 1st DCA 1986), rev. denied, 508 So.2d 5 (Fla. 1987).
DOWNEY, GUNTHER and WARNER, JJ., concur.