PER CURIAM.
The parties agree that sentencing was imposed in this case based upon a mutually mistaken view of the applicable law. Appellant suggests that our remand be accompanied by instructions that a sentence within the guidelines must be imposed. The state argues that the rationale of such eases as Chaplin v. State, 473 So.2d 842 (Fla. 1st DCA 1985), dec. approved, 490 So.2d 52 (Fla. *551 1986), indicate that a departure sentence on remand is not prohibited where the trial court at the first sentencing labors under a misapprehension that the sentence being imposed is not a departure from the applicable sentencing guidelines. We agree. See State v. Betancourt, 552 So.2d 1107 (Fla.1989); Davis v. State, 636 So.2d 575 (Fla. 4th DCA 1994); Harmon v. State, 599 So.2d 754 (Fla. 4th DCA 1992).
In all other respects we affirm and remand for sentencing under the law in effect at the time the crimes were committed, which, in the discretion of the trial court, may include a departure sentence.
DELL, C.J., HERSEY and WARNER, JJ., concur.