761 So.2d 1245 (2000)
Thomas CLEMENTS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2309.
District Court of Appeal of Florida, Second District.
July 12, 2000.
Thomas Clements, pro se.
ALTENBERND, Acting Chief Judge.
We affirm the trial court's order denying relief to Thomas Clements on his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Mr. Clements received a thirty-year term of imprisonment as a habitual offender for a sexual battery. This offense apparently occurred during the Heggs window. See Heggs v. State, 759 So.2d 620 (Fla.2000). Mr. Clements does not claim that he is entitled to resentencing on this sentence. Instead, he claims that he is now entitled to more gain time than he has previously received.
We take no position on the merits of this claim.[1] We agree with the trial court, however, that this claim must first be presented administratively to the Department of Corrections. If the prisoner is not satisfied with the ruling of the Department, he can then file a petition for mandamus with the appropriate circuit court. See Newsome v. Singletary, 637 So.2d 9, 11 (Fla. 2d DCA 1994).
Affirmed.
WHATLEY and SALCINES, JJ., Concur.
NOTES
[1] Heggs v. State, 759 So.2d 620 (Fla.2000), declared chapter 95-184, Laws of Florida, unconstitutional in its entirety. Section 26 of that chapter affects the gain-time statute. See § 944.275, Fla. Stat. (1995). We note, however, that the major 1995 amendment to section 944.275 occurred in the "Stop Turning Out Prisoners Act," in chapter 95-294, Laws of Florida, which is not addressed in Heggs.