PER CURIAM.
We reverse the order appealed and remand this legal malpractice action to the trial court to permit the appellant to amend his complaint to allege that, as a member of a pre-paid legal services plan, he had not been in direct privity with the attorneys alleged to have committed the alleged malpractice. It appears that the trial court declined to permit the amendment, having concluded that the two-year professional malpractice limitations period of section 95.11(4)(a), Florida Statutes (1991) had passed, thus plaintiffs proposed amendment would be futile. However, section 95.11(4)(a)[1] excludes from the two-year period those actions where persons are not in direct privity with the professional, thus the limitations period for such exclusions is four years. See Baskerville-Donovan Eng’rs, Inc. v. Pensacola Executive House Condominium Ass’n, 581 So.2d 1301 (Fla.1991); Archey v. Government Healthcare Servs., 718 So.2d 249 (Fla. 1st DCA 1998); Silva v. Southwest Fla. Blood Bank, Inc., 601 So.2d 1184 (Fla.1992).
Reversed and remanded with instructions to permit the amendment.

. The section reads:
“(4) WITHIN TWO YEARS.—
(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.”