767 So.2d 572 (2000)
Donald L. COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2104.
District Court of Appeal of Florida, Fourth District.
September 6, 2000.
Donald L. Cook, Raiford, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm beach, for appellee.
PER CURIAM.
We affirm the trial court's order denying Donald L. Cook's motion filed pursuant to Florida Rule of Criminal Procedure 3.800. Cook received a twenty-five year sentence for an offense that occurred on May 5, 1997. Accordingly, Cook's offense appears to have been committed during the Heggs window. See Trapp v. State, 760 So.2d 924 (Fla.2000); Heggs v. State, 759 So.2d 620 (Fla.2000)(revised opinion).
Cook does not claim that he is entitled to be re-sentenced. Instead, he claims that he is entitled to more gain-time than he was awarded. See id. (declaring chapter 95-184, Laws of Florida, unconstitutional in its entirety; section 26 of chapter 95-184 amended section 944.275, the gain-time statute).
We agree with the Second District Court of Appeal in Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000), that the major 1995 amendment to section 944.275 is contained in chapter 95-294, Laws of Florida, entitled "Stop Turning Out Prisoners Act," and was not addressed in Heggs. Accordingly, like the Second District in Clements, we do not reach the merits of Cook's claim.
Cook's claim must be presented administratively to the Department of Corrections. Upon a ruling from the Department, Cook can seek extraordinary relief in the appropriate circuit court. See King v. State, 665 So.2d 377 (Fla. 4th DCA 1996).
FARMER, STEVENSON and SHAHOOD, JJ., concur.