PER CURIAM.
Francisco Barbosa appeals the trial court’s order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Bar-bosa claims both that his scoresheet was improperly calculated under the 1995 sentencing guidelines and that he has not been credited with the proper amount of gain time because chapter 95-184, Laws of Florida, violated the single-subject provision of article III, section 6, of the Florida Constitution. We affirm in part and reverse in part.
Barbosa must first present his gain time claim to the Department of Corrections before seeking relief in this court. See Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000). We accordingly affirm the trial court’s denial of relief as to this claim.
However, we reverse and remand for recalculation of Barbosa’s scoresheet and for resentencing, if necessary, under Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court’s order denied Barbosa relief because his sentencing date did not fall within the window period outlined in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998). The supreme court has now made it clear that the date of the offense is the relevant date for consideration. See Heggs, 759 So.2d at 623.
On remand, the trial court should determine whether Barbosa committed his offenses within the applicable window period under Heggs, and, if so, whether his sentence could have been imposed under the 1994 guidelines, absent a departure sentence. If the court enters an order declaring that resentencing pursuant to Heggs is unnecessary, it should attach to its order the record documents used to justify that conclusion. See Smith v. State, 761 So.2d 1172 (Fla. 2d DCA 2000).
Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
PARKER, A.C.J., and GREEN and CASANUEVA, JJ., Concur.