771 So.2d 1231 (2000)
Carlton BLACK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2820.
District Court of Appeal of Florida, Fourth District.
November 1, 2000.
Rehearing Denied December 28, 2000.
Carlton Black, Arcadia, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant Carlton Black seeks review of an order that denied his motion for post-conviction relief. Black argued in his motion that the 1995 sentencing guidelines are unconstitutional. Heggs v. State, 759 So.2d 620 (Fla.2000). He argued further that his offense (burglary of a structure) took place within the applicable window period for presenting such a challenge. See Trapp v. State, 760 So.2d 924 (Fla. 2000) (window period began on October 1, 1995, and closed on May 24, 1997).
We affirm that portion of the trial court's order rejecting this challenge. Appellant was sentenced as a habitual offender to a nine-year prison term. See Arce v. State, 762 So.2d 1003 (Fla. 4th DCA 2000). Compare Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000) (trial court declined to treat defendant as a habitual offender but imposed the maximum sentence permitted under the 1995 guidelines). Pursuant to section 775.084(4)(e), Florida Statutes, a habitual offender sentence is not subject to the guidelines provisions of section 921.001, Florida Statutes.
Appellant's challenge to career criminal sentencing provisions in the 1995 laws was also properly rejected because he was not sentenced as a career criminal.
Appellant also argued that his gain-time entitlement was illegally reduced under chapter 95-182, Laws of Florida. We affirm the summary denial of relief on this *1232 claim as well, because appellant's gain-time challenge must first be entertained in the Department of Corrections. If the appellant is not satisfied with its ruling, then he can file a petition for writ of mandamus with the appropriate circuit court. See Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000).
AFFIRMED.
FARMER, GROSS and HAZOURI, JJ., concur.