PER CURIAM.
Charment Buard challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He argues that he is entitled to be resentenced in two cases under the authority of Heggs v. State, 759 So.2d 620 (Fla.2000). We reverse the circuit court’s order and remand for further proceedings.
In its order, the circuit court determined that Buard did not deserve relief in his 1996 case because he received a habitual offender sentence in that case. However, the circuit court agreed with Buard that his 1997 case had a guidelines sentence and fit within the proper time frame to be considered for Heggs relief.
The circuit court denied Buard relief on his 1997 case. The circuit court explained in its order that Buard was not prejudiced by any difference between the 1995 guidelines and the 1994 guidelines because he had received habitual offender sanctions in the concurrent 1996 case. The circuit court failed to attach any record documents to its order to refute Buard’s claim that his sentences were illegal.
Accordingly, we reverse and remand to the circuit court for further proceedings. *19 We point out that Buard must first exhaust administrative remedies through the Department of Corrections on his claim that resentencing would result in his receiving more gain time. Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000). On remand, if the circuit court should again determine that Buard deserves no relief on this motion, it shall attach those portions of the record that conclusively refute his claims.
Affirmed in part, reversed in part, and remanded.
PARKER, A.C.J., and WHATLEY and SALCINES, JJ., concur.