780 So.2d 981 (2001)
Wilfredo BAEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-40.
District Court of Appeal of Florida, Fourth District.
March 14, 2001.
*982 Wilfredo Baez, Indiantown, pro se.
No appearance required for appellee.
PER CURIAM.
Wilfredo Baez appeals the summary denial of his motion for post-conviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, in which he challenged his sentence of 5 years. Appellant claims that the trial court erred in using the 1995 sentencing guidelines in sentencing him for an offense committed on January 25, 1997, pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), and that he is entitled to more gain time.
The State's response provided a revised sentencing scoresheet, calculated under the 1994 sentencing guidelines, and showed a sentencing range between 3.7 and 6.2 years. In Heggs, the Supreme Court of Florida determined "that if a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief...." Id. at 627.
As to Appellant's claim regarding his entitlement to gain time, we agree with the Second District that his remedy, having presented his claim administratively to the Department of Corrections, is to file a petition for writ of mandamus in the circuit court of the jurisdiction in which he is incarcerated to compel the award of gain time. See Heaton v. State, 775 So.2d 1002 (Fla. 4th DCA 2001); Cook v. State, 767 So.2d 572 (Fla. 4th DCA 2000); Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000)(affirming denial of post-conviction motion seeking additional gain time pursuant to Heggs without taking a position on the merits of the claim, but noting that although section 26 of chapter 95-184 affects the gain-time statute, the major 1995 amendment to that statute, section 944.275, occurred in chapter 95-294, which Heggs did not address); Newsome v. Singletary, 637 So.2d 9, 11 (Fla. 2d DCA 1994).
KLEIN, SHAHOOD and TAYLOR, JJ., concur.