CASANUEVA, Judge.
Daniel C. Fortune, Sr. appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Fortune was convicted of first degree murder in 1977 and sentenced to life in prison with no eligibility for parole for twenty-five years.[1] Fortune now alleges that the written judgment and sentence do not conform to the oral pronouncement.
According to Fortune, the court orally pronounced a sentence requiring that hg serve twenty-five years of his sentence before becoming eligible for parole in conformity with section 775.082(1), Florida Statutes (1977). Fortune alleges that the written judgment and sentence, however, provide for a twenty-five-year mandatory minimum sentence. He alleges the mandatory minimum language is illegal because it does not track the language in the statute under which he was sentenced and that as a result of the improper mandatory minimum language, he has not received gain time to which he is entitled. We affirm the trial court’s denial of this claim because we can ascertain no legal difference between the sentence as orally pronounced and as written.
Fortune has not provided, nor have we been able to locate, any authority to support his allegation that he would be entitled to gain time if his written sentence were altered to conform to the statutory language. At the time Fortune was sentenced, gain time for good conduct was controlled by section 944.27(1), Florida Statutes (1977). The statute made no provision for prisoners serving life sentences. See Tal-Mason v. State, 700 So.2d 453 (Fla. 4th DCA 1997) (stating life prisoner is ineligible for gain time). Thus, it appears that it is Fortune’s life sentence that prohibits him from receiving good conduct gain time, and not the wording of his sentence on his written judgment and sentence stating he received a mandatory minimum.
Additionally, in 1977, gain time was awarded for labor performed pursuant to section 944.271, Florida Statutes (1977). This statute does not on its face prohibit prisoners serving life sentences from receiving gain time, but it also does not prohibit the awarding of gain time based on a mandatory minimum. Therefore, again, it does not appear that the fact that *1239 Fortune’s judgment and sentence contain language stating he received a mandatory minimum prohibits him from receiving gain time for labor performed.
Because we were not provided, and could not locate, any authority that indicates Fortune’s written sentence improperly prevents him from receiving gain time, we affirm the trial court’s order. This affirmance is without prejudice to any right Fortune may have to refíle a rule 3.800(a) motion in the event there is additional information relevant to this issue that we did not have before us during the consideration of this appeal. We also note that a claim regarding the improper denial of gain time should generally be pursued administratively within the Department of Corrections, and in the event relief is denied, with the circuit court. See Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000).
Fortune’s other claims are affirmed without comment.
Affirmed.
THREADGILL, A.C.J., and DAVIS, J„ Concur.

. The statute under which Fortune was sentenced states: "A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole.” § 775.082(1), Fla. Stat. (1977).