POLEN, C.J.
Warren Strouse timely appeals after the trial court resentenced him to 132.75 months in prison, followed by five years probation. Strouse had been originally sentenced to twenty years in prison pursuant to guidelines which were declared unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000). On resentencing, however, the trial court was under the misapprehension that the 85% rule[1] did not apply to the 1994 guidelines. See Cook v. State, 767 So.2d 572 (Fla. 4th DCA 2000); Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000). Because the record shows that the court sentenced Strouse due, in part, to its erroneous belief that Strouse would not have to serve 85% of his sentence, we remand for resentencing. See Gray v. State, 645 So.2d 550, 550 (Fla. 4th DCA 1994).
REMAND FOR RESENTENCING.
STONE and GROSS, JJ., concur.
For sentences imposed for offenses committed on or after October 1, 1995, the department may grant up to 10 days per month of incentive gain time, except that no prisoner is eligible to earn any type of gain-time in an amount that would cause a sentence to expire, end, or terminate, or that would result in a prisoner’s release, prior to serving a minimum of 85 percent of the sentence imposed. For purposes of this sub-paragraph, credits awarded by the court for time physically incarcerated shall be credited toward satisfaction of 85 percent of the sentence imposed. Except as provided by this section, a prisoner shall not accumulate further gain-time awards at any point when the tentative release date is the same as that date at which the prisoner will have served 85 percent of the sentence imposed....

. The 85% rule, set forth by section 944.275(4)(b)3., Florida Statutes (1995), provides,