762 So.2d 578 (2000)
Robert S. GAULT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1356.
District Court of Appeal of Florida, Fifth District.
July 14, 2000.
*579 Robert S. Gault, Malone, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
Robert Gault appeals the summary denial of his Rule 3.800(a) motion to correct sentence of 55.5 months incarceration. He claims that his sentence is illegal because he was sentenced pursuant to unconstitutional legislation, Chapter 95-184, Laws of Florida, which contained the 1995 amendments to the sentencing guidelines. He claims that the date of his criminal offenses fell within the window period where the unconstitutional legislation was applied to sentences for offenses committed within that time frame.
The supreme court recently held that Chapter 95-184, Laws of Florida, was unconstitutional for violating the single subject provision of the state constitution. See Heggs v. State, 759 So.2d 620 (Fla. 2000). The window period for challenges to Chapter 95-184 opened on October 1, 1995, when the amended guideline provisions became effective, and closed on May 24, 1997, when Chapter 97-97, Laws of Florida, reenacted the amendments contained in Chapter 95-184 as part of the biennial adoption process. See Trapp v. State, 760 So.2d 924 (Fla.2000). The trial court erroneously denied relief because it relied on cases which recognized a shorter window period, one that closed on October 1, 1996. See, e.g., Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999). Although the trial court did not have the benefit of Trapp when ruling on Gault's 3.800 motion, his appeal was in the pipeline when Trapp was issued.
The state recognizes that if Gault is entitled to be resentenced under the 1994 guidelines, his permitted range will be 12-42 months incarceration, significantly less than the 55.5-92.5 months range under the 1995 guidelines. The state notes that pursuant to a plea agreement, Gault entered guilty pleas to false imprisonment with a weapon and aggravated assault with a firearm, and another aggravated assault with a firearm charge was nolle prossed. The written plea form indicated that the judge promised to sentence Gault to the low end of the guidelines. Gault's current sentence of 55.5 months incarceration would exceed the permitted range of the 1994 guidelines, and the low end of the range of the guidelines under the 1994 guidelines would be 12 months incarceration. Therefore, the state asserts that if *580 the sentence is vacated, it should have the opportunity to withdraw from the plea agreement, reinstate the dismissed charge, and proceed to trial on all counts.
We agree with the state. In Parker v. State, 2000 WL 1144594, ___ So.2d ___ (Fla. 5th DCA Aug. 11, 2000), a similar situation was presented. The sentence that Parker received under Chapter 95-184, Laws of Florida, was imposed as part of a plea process. This court held that the remedy was not an automatic resentencing. Parker's sentences were vacated and the case remanded for further proceedings but the trial court was instructed that the state would have the option of taking Parker to trial on all of the original charges, or to accept resentencing under the 1994 guidelines.
We therefore vacate the defendant's sentence and remand the case to the trial court for further proceedings consistent with this opinion and with Parker.
SENTENCE VACATED; CAUSE REMANDED.
HARRIS and GRIFFIN, JJ., concur.