W. SHARP, J.
Galan appeals from a summary denial of his motion for relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He sought to raise a Heggs v. State, 759 So.2d 620 (Fla.2000), claim that he was wrongfully sentenced under the unconstitutional 1995 amendments to the sentencing guidelines. The trial court denied his motion based on a window period commencing October 1, 1995 and closing September 30, 1996.[1] However, the Florida Supreme Court has since determined the window period opened on October 1, 1995 and closed on May 24, 1997. See Trapp v. State, 760 So.2d 924 (Fla.2000). Galan’s criminal offenses in this case took place on December 24, 1996.
Thus, Galan is potentially able to seek relief on this basis, as his case was in the pipeline when Trapp was issued. See Gault v. State, 762 So.2d 578 (Fla. 5th DCA 2000). That establishes half of his burden. The second half is whether his recommended sentence under the 1994 sentencing guidelines would be less than the recommended sentence under the unconstitutional 1995 amendments. He has not alleged that his sentence under the 1995 amendments would constitute a departure sentence under the 1994 guidelines. In sum, absent is his allegation he was affected by the unconstitutional legislation. See Heggs. See also Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
*907 Accordingly, we affirm the judgment below, but without prejudice to Galan to file another motion pursuant to Florida Rule of Criminal Procedure 3.850, which is properly sworn to, and sets forth the twofold basis for the relief sought.
AFFIRMED.
SAWAYA and PLEUS, JJ., concur.

. See Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999).