PER CURIAM.
Defendant appeals the summary denial of his Rule 3.800(a) motion to correct illegal sentence. Defendant asserts that he was sentenced under the 1995 amendments to the sentencing guidelines, Chapter 95-184, Laws of Florida, which the supreme court held to be unconstitutional for violating the single subject provision of the Florida Constitution. See Heggs v. State, 759 So.2d 620 (Fla.2000). Defendant alleged that he committed his offenses on November 8, 1996, which would fall within the window period when the unconstitutional guidelines were utilized for offenses committed within that time frame. See Trapp v. State, 760 So.2d 924 (Fla.2000) (window period for challenges to Chapter 95-184 opened on October 1,1995, when amended guideline provisions became effective and closed on May 24, 1997, when Chapter 97-97, Laws of Florida reenacted the amendments). The trial court denied relief, based on a smaller window period recognized by Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999), which was implicitly overruled by the supreme court in Trapp. See Gault v. State, 762 So.2d 578 (Fla. 5th DCA 2000).
Defendant received a total of 122 months, which was the presumptive sentence or middle range under the 1995 guidelines. Defendant alleged that under the 1994 guidelines, the middle range would have been 63.5 months. Although defendant did not specifically allege that he received a departure under the 1994 guidelines, that consequence may be inferred by his allegations. A guideline presumptive sentence of 63.5 months may be increased or decreased by 25%. Therefore, if defendant’s allegations are taken as true, the maximum sentence under the 1994 guidelines would be 79.375 months, which would be less than the 122 months that defendant received. We therefore reverse the order denying relief and remand the case for reconsideration in light of Trapp.
Reversed and remanded.
COBB, HARRIS and GRIFFIN, JJ., concur.