COBB, J.
This appeal arises from a resentencing order of the lower court after remand by this court in Holbert v. State, 747 So.2d 1057 (Fla. 5th DCA 2000).
In Holbert, we reversed Holbert’s sentence and remanded to the trial court for reconsideration. Subsequently, the trial court reimposed sentences on two counts in a 199T case (attempted second degree murder and attempted robbery) and a 1998 case (two cocaine related charges which Holbert incurred while on probation in the 199T case). The trial court clearly announced that Holbert was to get credit for all time served, however, the written sentences had a check by prison credit but nothing indicated by jail credit.
Holbert filed a notice of appeal regarding the lower court’s resentencing order and also filed a 3.800(b)(2) motion to correct. The motion raised the credit issue and also alleged a Heggs[1] error since her offenses were committed within the window period set out by Trapp v. State, 760 So.2d 924 (Fla.2000). Subsequently, the lower court denied Holbert’s motion on the incorrect basis that the court lacked jurisdiction to hear the 3.800 motion since an appeal was pending.
As to the first point raised by Holbert, the state essentially concedes that the written sentences need to be conformed to the oral pronouncements regarding time served. As to the Heggs issue, Holbert contends on appeal that she is entitled to have seven points removed from her sentencing guidelines scoresheet and asks to be resentenced on the 199T case. The state argues that because the plea agreement did not. call for a guideline sentence but rather a determined jail term, Holbert should not be granted relief on this point.
The record indicates that as part of the 199T case, Holbert entered into a negotiated plea whereby she pled no contest to attempted second degree murder without a firearm and attempted unarmed robbery. She was adjudicated guilty and sentenced to five years probation conditioned on one year in the county jail with mental health evaluation and treatment. It appears the initial sentence in the 199T case was a plea bargain that involved an agreed upon term of years and the 1995 guidelines were not implicated. Once probation was admittedly violated by Holbert, as indicated by the 1998 case, the second plea was “straight up” without any agreement between the parties as to the length of the sentence to be imposed. It is clear from the transcript that the 1995 guidelines were utilized.
Holbert, however, has not met her burden of demonstrating why the sentence she received would be less under the 1994 permitted range as opposed to the 1995 permitted range. Thus, there is no allegation that she was affected by the unconstitutional legislation. Gault v. State, 762 So.2d 578 (Fla. 5th DCA 2000); see also Galan v. State, 764 So.2d 906 (Fla. 5th DCA 2000). According to Holbert, the 1994 guidelines would have total sentencing points of 114.4 not the 121.4 recorded under the 1995 guidelines. The 1995 guidelines indicated a recommended sentence of 93.4 with the permitted range TOUT months. The 1994 guidelines recom *347 mended sentence would appear to be 86.7 months with a permitted range of 55-108 months. § 921.0014(1), Fla. Stat. (1998).
Accordingly, we affirm the sentence pursuant to Galan v. State, but remand to the lower court for correction of the written sentencing order regarding time served.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PETERSON and PALMER, JJ., concur.

. Heggs v. State, 759 So.2d 620 (Fla.2000).