ON MOTION FOR REHEARING

PER CURIAM.
Upon motion for rehearing we withdraw the previous order of this court and substitute the following opinion.
The trial court’s 1 May 2000 order denying the defendant’s motion to correct an illegal sentence was based on a finding that the sentence would be proper under both the 1994 and 1995 guidelines.
Initially, it should be noted that claims under Heggs v. State, 759 So.2d 620 (Fla.2000), asserting that a sentence was imposed under the unconstitutional 1995 guidelines amendment may properly be raised in a Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. See Gault v. State, 762 So.2d 578 (Fla. 5th DCA 2000). If the sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines without a departure then the defendant is not entitled to relief. See Heggs, 759 So.2d at 627.
The trial court determined that the defendant’s sentence could have been imposed under the 1994 guidelines. In support of this conclusion the trial court prepared and attached a 1994 guidelines seoresheet. See Fla. R.Crim. P. 3.702 and 3.990. However, there appears to be an error in the calculation of the 1994 score-sheet. The 1994 seoresheet reflects two “level 6” felonies as “additional offenses” and scores them as 18 points each. Under the 1994 guidelines “level 6” felonies as “additional offenses” are only scored 7.2 points each. The sentence imposed would be a departure sentence under a correctly *294 calculated 1994 guidelines seoresheet. On remand, the trial court is ordered to resen-tence the defendant under the 1994 guidelines pursuant to Heggs.
REVERSED AND REMANDED.
THOMPSON, C.J., GRIFFIN and PLEUS, JJ., concur.