ON MOTION FOR CLARIFICATION

STONE, J.
We grant Appellant’s motion for clarification. Accordingly, we withdraw out previously issued opinion and substitute the following in its place:
Appellant appeals his sentences in case numbers 96-20994 CF 10A and 96-21044 CF 10A. We reverse Appellant’s sentences and remand for re-sentencing.
Appellant was charged by separate informations with two aggravated batteries; one occurring on January 15, 1996, and the other on October 14, 1996. He entered a guilty plea and was sentenced to concurrent terms of nineteen years in prison, which was suspended. He violated his community control and was sentenced to the nineteen years. The trial court used a single scoresheet to score each of his separate offenses. This was error because the crimes took place under different versions of the guidelines. See § 921.001(4)(b)4, Fla. Stat. (1995); Fla. R.Crim. P. 3.703(d)(3).
Appellant committed one offense before and one after October 1,1996, the effective date for applying the multiplier used in the scoresheet.[1] Accordingly, the trial court should have prepared one scoresheet for the offense that occurred before October 1, 1996, and a separate scoresheet for the offense that occurred after that date. See Dillard v. State, 728 So.2d 725 (Fla.1999).
Using separate scoresheets, the guidelines sentence would be within the 15-year statutory maximum. See § 775.082(3)(c), Fla. Stat. (1995).
Furthermore, we reject the state’s contention that the law of the case requires us to affirm. Although Appellant’s sentences were addressed by this court in Cooper v. State, 717 So.2d 128 (Fla. 4th DCA 1998), this issue was not resolved in that appeal.
KLEIN and STEVENSON, JJ., concur.

. We note that the validity of the multiplier is not at issue here. See O.C. v. State, 722 So.2d 839 (Fla. 5th DCA 1998), rev. granted, 727 So.2d 911 (Fla.1999).