PER CURIAM.
The defendant properly contends that he was sentenced pursuant to the 1995 sentencing guidelines and that those guidelines were invalidated by Heggs v. State, 759 So.2d 620 (Fla.2000) (holding that Chapter 95-184, Laws of Florida, enacting the 1995 sentencing guidelines, violated the single-subject requirement of the Florida Constitution). The underlying offense in this case occurred on May 21, 1997, within the window period as determined by the Florida Supreme Court in Trapp v. State, 760 So.2d 924 (Fla.2000)(holding that the window period for challenging Chapter 95-184 closed on May 24, 1997). Therefore, this cause is reversed and remanded for resentencing under the guidelines in effect prior to the enactment of Chapter 95-184.
Additionally, on remand, the trial court should correct the written order revoking the defendant’s community control so that it reflects the trial court’s oral pronouncements [1]
Reversed and remanded.

. In its oral pronouncements, the trial court found the defendant in violation of his com-munily control for being absent from his approved residence, for resisting an officer without violence, and for obstruction of justice. The trial court specifically elected not to find the defendant in violation for allegedly failing to pay court or supervision costs. Nevertheless, the order of revocation of community control reflects all of these as the grounds for the revocation.