764 So.2d 823 (2000)
William BETHEL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2082.
District Court of Appeal of Florida, Fourth District.
July 26, 2000.
*824 William Bethel, Jasper, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant, William Bethel, appeals from the summary denial of his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
Appellant's offenses fall within the window period within which one may challenge a sentence imposed under chapter 95-184, Laws of Florida, which was found to violate the single subject provision of the Florida Constitution. See Heggs v. State, 759 So.2d 620 (Fla.2000); see also Trapp v. State, 760 So.2d 924 (Fla.2000) (holding that the window period for challenging Chapter 95-184 closed on May 24, 1997). The supreme court also held that:
However, only those persons adversely affected by the amendments made by chapter 95-184 may rely on our decision here to obtain relief. Stated another way, in the sentencing guidelines context, we determine that if a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here.
759 So.2d 620. The record in this case indicates that appellant's sentence under the 1995 guidelines range was 39 to 65 years and the trial court made a downward departure and sentenced appellant to seven and one half years. Under the 1994 guidelines appellant's guidelines range was 16 to 26.67 years. Appellant's sentence could have been imposed under the 1994 guidelines and appellant was not adversely affected by the amendments.
AFFIRMED.
STONE, SHAHOOD and HAZOURI, JJ., concur.