PER CURIAM.
Foreman appeals his re-sentence, after a reversal in Foreman v. State, 727 So.2d 1135 (Fla. 4th DCA 1999), on convictions for vehicular homicide (count II) and leaving the scene of an accident with injuries (count IV).
We reverse the sentence as it was fundamental error to sentence Foreman pursuant to the 1995 sentencing guidelines, the enactment of which violated the single subject requirement of the Florida Constitution. See Heggs v. State, 759 So.2d 620 (Fla.2000)(held chapter 95-184, Laws of Florida, violates single subject rule of the Florida Constitution, and any sentence illegally imposed thereunder constitutes fundamental error).
Foreman’s crimes were committed on September 24, 1996, within the window for raising a single subject challenge. See Trapp v. State, 760 So.2d 924 (Fla.2000).
It is undisputed that application of the 1994 guidelines would result in a lower score for the primary offense level and a lower score for victim injury. As a result, this sentence could not have been imposed under those guidelines without a departure. See §§ 921.0014, Fla. Stat. (1993) and 921.0014, Fla. Stat. (1995). Therefore, Foreman’s re-sentences on counts II and IV are reversed and we remand for re-sentencing using the 1994 sentencing guidelines.
WARNER, C.J., STONE, J., and GLICKSTEIN, HUGH S„ Senior Judge, concur.