PER CURIAM.
We review the trial court’s order denying appellant’s motion to correct illegal sentence based upon his claim that he was improperly sentenced under the 1996 sentencing guidelines. Appellant committed his offenses on October 10, 1996, and March 11, 1997, thus within the window period recently established by the Supreme Court of Florida for challenging a sentence imposed under the 1995 sentencing guidelines. See Trapp v. State, 760 So.2d 924 (Fla.2000).
In the revised opinion in Heggs v. State, 759 So.2d 620 (Fla.2000), the Supreme Court held:
if a person’s sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here.
Appellant acknowledges the sentence he received under the 1995 guidelines falls within the sentencing range of the 1994 guidelines.[1] We recently held in Battle v. State, 761 So.2d 1177 (Fla. 4th DCA 2000), that no sentencing error occurs when the sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines.
Accordingly, we affirm.
DELL, GUNTHER and SHAHOOD, JJ., concur.

. Appellant was sentenced to 67 months imprisonment. The permitted sentencing range under the 1995 guidelines was 67.05 to 111.75 months; whereas, under the 1994 guidelines, his sentencing range was between 49.5 and 82.5 months.