W. SHARP, J.
Davis appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. . He alleges that he was sentenced in five criminal cases pursuant to the 1995 sentencing guidelines, which have since been held to be unconstitutional. See Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court denied Davis’ motion on the ground he lacks standing because his offenses were committed after the constitutionality of the guidelines was cured. We disagree.
The state acknowledges on appeal that Davis’ offenses were committed within the unconstitutional window period. Davis committed the offenses March 21, 1997 through April 9, 1997, and the window period closed May 24, 1997. See Trapp v. State, 760 So.2d 924 (Fla.2000). However, the state argues, that Davis is entitled to be resentenced only if the same sentences imposed could not have been imposed under the 1994 sentencing guidelines.
Davis attached to his pleading a copy of the guidelines scoresheet used in his sentencing. By recalculating the scoresheet under the 1994 guidelines, it appears that Davis was, in fact, adversely affected in some sentences. His maximum guidelines sentence under the 1994 guidelines would appear to be 127.5 months, and he was sentenced to 144 months. However, this is a factual matter that must be resolved by the sentencing court below. Accordingly, we remand, for the trial court’s determination of whether Davis’ sentences could, in fact, have been imposed under the 1994 guidelines, without an upward departure. If so, Davis is entitled to no relief. If not, he must be resenténced within the 1994 guidelines.
REVERSED and REMANDED.
COBB and HARRIS, JJ., concur.