PER CURIAM.
We review the order of the trial court denying appellant’s motion to correct illegal sentence challenging his sentences in two 1997 cases as illegal on the grounds that they were based on 1995 sentencing guidelines held unconstitutional as viola-tive of the single subject rule of Article III, Section 6 of the Florida Constitution. See Heggs v. State, 759 So.2d 620 (Fla.2000). The Supreme Court of Florida has recently held the operative window period in which to challenge the sentencing guideline provisions amended by Chapter 95-184, Laws of Florida, commenced on October 1, 1995, and ended on May 24, 1997. See Trapp v. State, 760 So.2d 924 (Fla.2000); Salters v. State, 758 So.2d 667 (Fla.2000). We agree with Judge Altenbernd’s analysis in Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000) on the need to remand such cases for a recalculation of the defendant’s sentences under the 1994 guidelines scoresheet. Accordingly, we reverse and remand for this recalculation and resen-tencing, if necessary, in accordance with the sentencing guidelines in effect on the dates appellant committed his offenses in these two cases.
REVERSE AND REMAND FOR RE-SENTENCING.
DELL, POLEN and SHAHOOD, JJ., concur.