PER CURIAM.
Robert Benjamin, a pro se prisoner, timely appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Benjamin alleges that he is entitled to be resentenced because the 1995 sentencing guidelines, under which he was sentenced, are unconstitutional. See Heggs v. State, 759 So.2d 620 (Fla.2000).
Further, Benjamin states, while the sentencing range under the 1995 guidelines *864 scoresheet was 36.6. months to 61 months, under the 1994 sentencing guidelines, the range would have been 12.6 to 21 months.
The trial court, relying on Bortel v. State, 743 So.2d 695 (Fla. 4th DCA 1999), summarily denied Benjamin’s motion. After the trial court’s order was entered, the Florida Supreme Court, in Trapp v. State, 760 So.2d 924 (Fla.2000), abrogating Bor-tel\ held that persons challenging their sentences under the sentencing guidelines provisions amended by chapter 95-184, Laws of Florida, “have standing to do so if the relevant criminal offense or offenses occurred on or after October 1, 1995 and before May 24, 1997.”
Since Benjamin’s offense occurred on April 25, 1997, in its response to this court’s order to show cause, although the Attorney General disagrees with Benjamin’s proposed 1994 sentencing guidelines calculations, it concedes that he should be resentenced. On this concession of the Attorney General, we reverse the trial court’s order summarily denying Benjamin’s motion. Accordingly, we remand for resentencing in accordance with the valid laws in effect at the time of Benjamin’s offense.
Reversed and remanded.
STONE, POLEN and TAYLOR, JJ., concur.