PER CURIAM.
Leonarda Simeton appeals the summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he challenged his sixty-month prison sentence, claiming that the trial court erred in using the 1996 sentencing guidelines in sentencing him- for an offense committed on December 15, 1996, pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). Appellant alleges that a corrected scoresheet prepared under the 1994 guidelines would produce a sentencing range of 24.9 to 41.5 months.
The trial court’s denial was based on this court’s opinion in Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999), abrogated by Trapp v. State, 760 So.2d 924 (Fla.2000), which found that defendants had standing to raise this challenge if their offense was committed on or after October 1, 1995, and before October 1, 1996. However, the supreme court has since decided otherwise. See Trapp, 760 So.2d at 927 (holding that those persons with standing to challenge their sentences under Heggs were those whose offenses were committed on or after October 1, 1995, and before May 24,1997).
Because appellant’s offense was committed within the window period during which the 1995 amendments to the sentencing guidelines were unconstitutional, we reverse the order denying appellant’s motion to correct illegal sentence. On remand, the trial court shall determine whether resentencing is required. If the trial court determines that appellant’s sentence could not have been imposed under the 1994 version of the sentencing guidelines without a departure, it shall resentence him in accordance with the valid guidelines in existence at the time his offense was committed. If it determines there is no need to resentence him, the trial court shall attach to its order of denial all documents supporting such determination. See Heggs, 759 So.2d at 627-28; Speed v. State, 764 So.2d 873 (Fla. 4th DCA 2000); George v. State, 760 So.2d 293 (Fla. 2d DCA 2000); Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
Reversed and remanded for further proceedings consistent with this opinion.
STEVENSON, GROSS and HAZOURI, JJ., concur.