PER CURIAM.
Shaka Aquil appealed his judgment and sentence for aggravated assault with a firearm, and appellate counsel filed briefs pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Despite a thorough review of the record and the possible issues as outlined by appellate counsel and Aquil, pro se, we find no issue of arguable merit in regard to Aquil’s conviction. Accordingly, we affirm Aquil’s conviction.
However, because Aquil was sentenced to an unconstitutional minimum mandatory sentence, we reverse and remand this case for resentencing.[1] Aquil committed the instant crime on January 25, 1997, and the court sentenced him to a minimum mandatory sentence which was created by chapter 95-184, Laws of Florida. However, the Florida Supreme Court has recently held that chapter 95-184 is unconstitutional as a violation of the single subject rule. See Heggs v. State, 759 So.2d 620, 626 (Fla.2000). Because Aquil committed his crime within the applicable window period for challenges to the constitutionality of chapter 95-184, see Trapp v. State, 760 So.2d 924, 928 (Fla.2000), we reverse and remand for resentencing.
PARKER, A.C.J., and WHATLEY, J., and DANAHY, PAUL W., (Senior) Judge, Concur.

. While technically this court is required to issue an order which either appoints Aquil new counsel or allows present counsel to file another brief upon the discovery of any potential issue, see Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), in this case the order would serve no purpose as the error is evident from the record.