768 So.2d 1169 (2000)
Joseph A. GATTO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1748.
District Court of Appeal of Florida, Fourth District.
September 13, 2000.
*1170 Joseph A. Gatto, Immokalee, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Debra Rescigno, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Joseph Gatto appeals the trial court order summarily denying his motion to correct illegal sentence filed pursuant to rule 3.800(a), Fla. R.Crim. P. He alleged that his sentence totaling four years in prison and two years of community control was illegal under Heggs v. State, 759 So.2d 620 (Fla.2000). He also advanced a Heggs challenge to his gain-time entitlement on sentences imposed for offenses occurring in 1996.
The trial court correctly denied appellant's gain-time challenge, but denial should be without prejudice to his right to exhaust his administrative remedies with the Department of Corrections. See Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000).
However, the trial court erred in summarily denying appellant's other sentencing challenge under Heggs without record attachments. Appellant appears to fall within the appropriate window period to make his sentencing challenge. See Trapp v. State, 760 So.2d 924 (Fla.2000); Salters v. State, 758 So.2d 667 (Fla.2000).
The State argues that appellant was sentenced as a youthful offender and that he was not sentenced under the 1995 guidelines. However, we cannot be certain that the guidelines were not considered in determining his sentence.
Also, the State argues that appellant would have fallen below the recommended sentencing guidelines range under the 1994 guidelines. Heggs does provide that if a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief. Here, however, the trial court order summarily denying this motion to correct illegal sentence did not attach a copy of the 1994 guidelines to support this contention. Since the record on appeal does not conclusively demonstrate that appellant is not entitled to relief on this sentencing challenge, the order of summary denial must be reversed and the case remanded. Rule 9.140(i), Fla. R.App. P. Remand is for the trial court to consider whether appellant is entitled to resentencing under Heggs. If the court enters an order declaring that resentencing pursuant to Heggs is unnecessary, it should attach to its order the record documents used to justify that conclusion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000). See also Speed v. State, 764 So.2d 873 (Fla. 4th DCA 2000); Havard v. State, 762 So.2d 1065 (Fla. 4th DCA 2000).
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
WARNER, C.J., POLEN and SHAHOOD, JJ., concur.