W. SHARP, Judge.
Jones appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He argues he is entitled to be resentenced because his sentencing guidelines score-sheet included criminal offenses that were committed during the window period when the 1995 sentencing guidelines were unconstitutional. See Trapp v. State, 760 So.2d 924 (Fla.2000); Heggs v. State, 759 So.2d 620 (Fla.2000). We affirm.
On January 10 and 17, 1997, Jones committed offenses and was placed on probation. They occurred during the window period. On June 24, 1998, he committed several additional offenses and was convicted. These offenses were committed beyond the window period (the window period closed on May 24, 1997, when the 1995 amendments of the guidelines were re-enacted in Chapter 97-97, Laws of Florida, as part of the biennial adoption process).
Jones was sentenced on April 14, 1999, for all of the offenses. Scoresheets were prepared under Florida Rule of Criminal Procedure 3.991 and the one which resulted in the greatest recommended sentence was used. See § 921.0011(4), Fla. Stat. (1999). The guideline range was 45.3 to 75.5 months. The court terminated probation on the 1997 offenses and sentenced Jones on the 1998 offenses to a total of 60 months in prison.
Jones argues that the 1997 probationary offenses should have been scored under the 1994 guidelines, and the 1998 offenses should have been scored under the 1995 guidelines. He also argues one of the 1998 offenses should have been listed as primary and the 1997 offenses should have been scored as prior record. We disagree.
One scoresheet shall be utilized for all offenses committed under any single version of the guidelines pending before the court for sentencing. See Fla. R.Crim. P. 3.703(d)(2). That is the process the trial court employed here. The court used the 1995 guidelines and prepared different scoresheets, listing each pending offense as a primary offense and then selected the one which resulted in the greatest amount *52 of incarceration. See Fla. R.Crim. P. 3.703(d)(7).
Further, the trial court did not sentence Jones on the 1997 offenses. It terminated his probation for those offenses and sentenced him for the 1998 offenses using the 1995 guidelines. Had the court sentenced Jones for the 1997 offenses he may have been entitled to be resentenced under the 1994 guidelines, but only for those offenses. See Heggs. As the court did not impose sentences on the window period offenses, though, there was no constitutional violation. The constitutional defect had been cured at the time of sentencing, and the scoresheet under the 1995 guidelines resulting in the greatest sentence could be used.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.