770 So.2d 1256 (2000)
Timmy LINDERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-2405.
District Court of Appeal of Florida, First District.
November 6, 2000.
Appellant, pro se.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
The appellant challenges an order denying his motion seeking postconviction relief pursuant to Florida Rule of Criminal Procedure 3.800(a). The appellant pled nolo contendere to burglary with a weapon and was sentenced to 96 months' incarceration. In his 3.800(a) motion, he argued that his guidelines sentence for a crime committed on July 13, 1996, is illegal because the 1995 sentencing guidelines were declared unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000).[1] Appellant further alleged that under the 1994 guidelines, his sentencing range would have been limited to 45.6 months to 76 months.
The trial court denied the motion because the appellant had been sentenced under a plea agreement to a negotiated term and therefore had not been sentenced pursuant to the sentencing guidelines. However, the trial court did not attach a copy of the plea agreement to the order. The appellant states in his brief that he "entered a plea of nolo contendere to an unspecified guideline sentence." We are, therefore, unable to verify that the appellant was sentenced to a specific term pursuant to the provisions of a negotiated plea agreement.
We reverse and remand for the trial court to either attach documents conclusively showing that the appellant is entitled no relief, or reconsider the motion pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), and Trapp v. State, 760 So.2d 924 (Fla.2000).
*1257 REVERSED and REMANDED with directions.
ERVIN, WOLF and PADOVANO, JJ., concur.
NOTES
[1] The window period in which a defendant's offense must have been committed, for purposes of raising a Heggs claim, runs from October 1, 1995, to May 24, 1997. See Trapp v. State, 760 So.2d 924, 928 (Fla.2000).