PLEUS, J.
Johnson appeals the summary denial of his motion to correct sentence filed pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. Johnson asserts that the primary criminal offense on his guideline scoresheet was committed on May 2, 1997, within the window period when Chapter 96-184, Laws of Florida, was unconstitutional for violating the single subject provision of the state constitution. See Heggs v. State, 759 So.2d 620 (Fla.2000). Johnson further asserts that he was sentenced pursuant to the amended sentencing guidelines contained in Chapter 95-184, and the sentence that he received would have constituted a departure under the previous version of the guidelines.
The window period for challenges to Chapter 95-184 opened on October 1, 1995 and closed on May 24, 1997. See Trapp v. State, 760 So.2d 924 (Fla.2000). The trial court, in denying relief, relied on a case which recognized a shorter window period, see Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999). The trial court did not have the benefit of Trapp. We therefore reverse the order denying relief, and remand the case for the trial court to reconsider the 3.800(a) motion in light of Trapp. See Perez v. State, 762 So.2d 598 (Fla. 5th DCA 2000).
REVERSED and REMANDED.
SHARP, W., and GRIFFIN, JJ., concur.