PER CURIAM.
The appellant challenges an order denying his motion to eoirect an illegal sentence pursuant to Florida Rule of Criminal of Procedure 3.800(a) The appellant sought re-sentencing under the 1994 guidelines pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court denied the motion because the appellant was sentenced under a stipulated plea agreement to a negotiated term and therefore was not sentenced pursuant to the sentencing guidelines. Because the record does not support the trial court’s ruling, we reverse.
According to the plea colloquy, the appellant pled to a sentence of no more than 57 months’ imprisonment followed by probation, with the understanding that a pre-sentence investigation would be done. After review of the pre-sentence investigation report, the report called for a sentence in excess of 57 months. The court explained to the appellant that the terms of the plea agreement would not be honored and gave the appellant a chance to ■withdraw his plea. The appellant declined and agreed to plead straight up to a guideline sentence. Throughout the proceeding, the state emphasized that there was no agreement in the case and the appellant was pleading straight up. The court imposed a 107-month sentence.
Because the appellant has stated a facially sufficient claim under Heggs, and the record does not establish that the appellant pled to a negotiated sentence, we reverse and remand. On remand, the trial court is directed to either support its deni *521 al with record excerpts or resentence the appellant under the 1994 guidelines. See Linderman v. State, 770 So.2d 1256 (Fla. 1st DCA 2000).
REVERSED and REMANDED.
ALLEN, VAN NORTWICK and POLSTON, JJ., concur.