PER CURIAM.
The appellant challenges an order of the trial court summarily denying his motion for postconviction relief.[1] Because the trial court’s attachments do not conclusively show that the appellant is entitled to no relief, we reverse.
On December 14, 1995, the appellant was placed on probation in case number 95-2442. He subsequently violated his probation and committed new offenses in case numbers 97-610, 97-646, and 97-647. On September 10, 1997, the appellant pled no contest to the probation violation and to two counts of sale of cocaine, and to one count of cocaine possession. He was sentenced to 22 months of incarceration, to be followed by probation. He apparently violated his probation again and was subsequently sentenced on all counts to 53.2 months’ incarceration. In this 3.850 motion, he argues that his sentence is illegal because the 1995 sentencing guidelines have been declared unconstitutional. See Heggs v. State, 759 So.2d 620 (Fla.2000).
*1291 In support, he alleges he was sentenced based on the 1995 guidelines for crimes committed on February 20,1997.[2]
In its order denying relief, the trial court noted that because the appellant was sentenced under a plea agreement to a negotiated term, he was not sentenced pursuant to the sentencing guidelines. The trial court attached a copy of the plea agreement, which does in fact indicate that the appellant specifically pled to a sentence of 22-months’ incarceration, followed by probation, without reference to the sentencing guidelines. However, the plea agreement referred to by the trial court in its order denying relief is from the September 10, 1997, proceedings, rather than from the appellant’s recent proceedings, which allegedly occurred on December 14, 1998. The appellant does not allege that he pled to a negotiated sentence of 58.2 months, rather he asserts he was sentenced pursuant to the 1995 guidelines, and that under the 1994 guidelines, his sentence would have been capped at 47.2 months.
Because this plea agreement does not conclusively refute the appellant’s claim relating to his sentencing on December 14, 1998, we reverse the order denying relief and remand for the trial court to either grant the requested relief or to attach record excerpts that conclusively refute the appellant’s claim. See Linderman.
REVERSED and REMANDED.
BOOTH, BENTON, and BROWNING, JJ., CONCUR.

. Although the appellant filed this motion under rule 3.850, this claim would also be cognizable under rule 3.800(a). See Linderman v. State, 770 So.2d 1256 (Fla. 1st DCA 2000).

. The window period in which the offense must have been committed runs from October 1, 1995, to May 24, 1997. See Trapp v. State, 760 So.2d 924 (Fla.2000).