PER CURIAM.
Appellant, James Hampton, appeals the trial court’s order summarily denying his motion to correct illegal sentence pursuant to rule 3.800(a), Fla. R.Crim. P. He alleged that the four-year prison sentence followed by two years of community control imposed on him as a youthful offender was illegal under Heggs v. State, 759 So.2d 620 (Fla.2000), because it was based on the 1995 sentencing guidelines.
Appellant pled nolo contendere to armed robbery and aggravated battery. Appellant argues that the alleged crimes occurred on November 16,1996 and thus, fall within the window period for a Heggs challenge. See Trapp v. State, 760 So.2d 924 (Fla.2000).
The State argues that the trial court did not consider the 1995 sentencing guidelines in determining appellant’s sentence, and that the sentence imposed was based on appellant’s cooperation with the State in the prosecutions of his co-defendant. However, our review of the record does not support that contention.
Alternatively, the State argues that even if Heggs were to apply, appellant would not be entitled to relief because his sentence fell within the permitted range under the 1994 guidelines. However, the State did not attach to its response a copy of the 1994 scoresheet showing this, and the trial court order did not attach such a scoresheet either.
As the record on appeal does not conclusively demonstrate that appellant is not entitled to relief, the trial court’s order must be reversed. This case is remanded so the trial court can consider whether appellant is entitled to re-sentencing under Heggs. If the court enters an order declaring that re-sentencing is unnecessary, then it should attach to its order the record documents used to support that conclusion. Gatto v. State, 768 So.2d 1169 (Fla. 4th DCA 2000); Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
REVERSED AND REMANDED.
GUNTHER, POLEN and TAYLOR, JJ., concur.