PER CURIAM.
Brian Profitt, a pro se prisoner, appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons that follow, we reverse, in part, affirm, in part, and remand for further proceedings consistent with this opinion.
In his motion, Profitt contended that his sentence is illegal because he was sentenced under unconstitutional sentencing guidelines for the offenses which were committed on October 28 and 29, 1996. See Heggs v. State, 759 So.2d 620 (Fla.2000).
According to the record, Profitt entered no contest pleas to five counts of burglary of a conveyance, one count of criminal mischief of $1000 or more, and two counts of petty theft, for offenses that were committed on October 28 and 29, 1996. As a result, he was sentenced to two years of probation on the burglary offense and the criminal mischief conviction, and to time-served on the two counts of petty theft.
Subsequently, on June 20, 1997, Profitt violated his probation by committing the offense of resisting a police officer with violence.
On June 8, 1998, he was sentenced for his probation violation and on the new offense to concurrent prison terms of 51 months in Florida State Prison.
In his motion to correct an illegal sentence, Profitt complains that the sentence in his original case is illegal because he was sentenced using the 1995 sentencing guidelines which were rendered unconstitutional under Heggs. Profitt also argues that because chapter 95-184 was ruled void, he is entitled to additional gaintime.
In response to Profitt’s motion, the trial court required the Department of Corrections to prepare a 1994 sentencing guidelines scoresheet to determine whether he was entitled to be resentenced under Heggs. In response, the Department informed the trial court that the original sentencing guidelines scoresheet was not in the court file, thus, the Department prepared a new scoresheet.
In the new, 1994 sentencing guideline scoresheet, it appears that the Department .prepared one scoresheet which included his 1996 crimes as “prior offenses,” and designated the offense committed on June 20,1997, as the primary offense.
Based upon this scoresheet calculation, which failed to limit the calculation to the offenses that took place during the Heggs window period, the trial court determined that he was not entitled to be resentenced because his 51 month sentence imposed could have been imposed under the 1994 guidelines.
We disagree with the state’s response to this court that the scoresheet reflecting Profitt’s June 20, 1997 offenses, after the Heggs window period ended, should also be calculated under the 1994 guidelines because the 1995 guidelines were unconstitutional.
As the second district explained in Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000), the single-subject problems within chapter 95-184 were cured with the legislature’s re-enactment of the sentencing *1196 guidelines provisions in chapter 97-97, which was May 24,1997.
As such, since the single-subject problems were cured on May 24, 1997 with the enactment of chapter 97-97, for defendants who committed their crimes after May 24, 1997, the 1995 sentencing guidelines remain constitutional. See id. at 422.
Accordingly, Profitt’s 1996 offenses should have been recalculated using a 1994 sentencing guideline scoresheet, while his June 20, 1997, offenses should have been scored on a 1995 sentencing guidelines scoresheet.
Pursuant to Florida Rule of Criminal Procedure 3.703(d)(3):
If an offender is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, separate scoresheets must be prepared and used at sentencing. The sentencing court may impose such sentence concurrently or consecutively.
Use of a single scoresheet to score each separate offense is error, where the crimes took place under different versions of sentencing guidelines. See Cooper v. State, 743 So.2d 1213 (Fla. 4th DCA 1999).
Accordingly, to decide his Heggs claim, on remand the trial .court should have a 1994 sentencing guideline scoresheet prepared showing only those offenses from 1996, as they would have appeared on the lost scoresheet.
For Profitt’s offenses which were committed after the close of the Heggs window, a 1995 sentencing guideline score-sheet should be prepared. Finally, irrespective of the outcome of his Heggs claim, Profitt is entitled to be resentenced using the two scoresheets. See Cooper, 743 So.2d at 1213.
As for Profitt’s claim for additional gain-time, the trial court’s summary denial is affirmed without prejudice to raise this claim administratively to the Department of Corrections. If he is not satisfied with the Department’s ruling, then he can file a petition for extraordinary relief. See Gatto v. State, 768 So.2d 1169 (Fla. 4th DCA 2000) (citing Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000), holding that a Heggs challenge to gaintime entitlement on sentences imposed for offenses occurring in 1996 is correctly denied by the trial court, but the denial should be without prejudice to his right to exhaust his administrative remedies with the Department of Corrections); Harris v. State, 713 So.2d 1106 (Fla. 4th DCA 1998).
POLEN, C.J., SHAHOOD and GROSS, JJ., concur.