PER CURIAM.
Appellant, Dale Collins, appeals the trial court’s order which deleted the habitual felony offender portion of his sentence, but denied his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).
Appellant pled guilty to trafficking in cocaine, more than 28 grams but less than 200 grams, and to leaving the scene of an accident. He was sentenced as a habitual felony offender to nine years in prison for the trafficking offense and time served for leaving the scene.
The trial court had before it a 1995 sentencing guidelines scoresheet, which it signed and on which it noted the nine year sentence imposed.[1] However, there is no record indication whether the trial court actually based its nine year habitual felony offender sentence on the scoresheet totals and ranges in this case.
Appellant filed a motion to correct illegal sentence, first arguing that his sentence for trafficking in cocaine was illegal because he should have been sentenced under the guidelines and not as a habitual felony offender, based on section 893.135(l)(b)l.a., Florida Statutes (1996 Supp.). The trial court apparently agreed, and in its order on appeal, it deleted that portion of appellant’s sentence which classified him as a habitual felony offender.
Appellant also argued that his nine year sentence was illegal because it was based on the 1995 sentencing guidelines filed of record, found unconstitutional to apply in Heggs v. State, 759 So.2d 620 (Fla.2000). Appellant’s offense occurred on August 7, 1996, and thus falls within the window period for this challenge. See Trapp v. State, 760 So.2d 924, 928 (Fla.2000) (window period began on October 1, 1995, and closed on May 24,1997).
Appellant argued that he was entitled to resentencing under a corrected 1994 guidelines scoresheet, within the middle of the guidelines range and without drug trafficking enhancement points. He also argued for correction of the level and points assigned in the prior record section, for delivery of a counterfeit substance.
The trial court rejected these challenges, summarily denying the motion to correct illegal sentence, but removing the habitual felony designation. It left appellant’s nine year sentence in place. Apparently this was based on the state’s response that appellant’s nine year sentence was legal because it fell within the 1994 scoresheet it recalculated.
Technically, the trial court did not err in rejecting appellant’s Heggs challenge because he was not originally sentenced un *577 der the guidelines at all, but rather as a habitual felony offender. See Arce v. State, 762 So.2d 1003, 1003 (Fla. 4th DCA 2000). However, the trial court changed that when it removed the habitual felony offender designation in the order now on appeal. That was correct, as the habitual offender designation was illegal, as the state conceded. See Bryant v. State, 760 So.2d 1034 (Fla. 5th DCA 2000). Upon lifting that designation, the trial court should have resentenced appellant under the sentencing guidelines, and the 1994 guidelines were required to be used.
In his motion, appellant challenged his scoresheet regarding the points assessed for delivery of a counterfeit substance. That was a level one offense, for which .5 points should have been charged. Instead, 2.4 points were charged. This makes a difference in appellant’s sentencing under the 1994 guidelines. Once the 1.9 points are subtracted, and assuming the court applies the drug enhancement multiplier as proposed in the state’s proposed 1994 scoresheet, appellant’s recommended sentence and guidelines range changes. This error in the scoresheet cannot be said to be harmless in this case, as the top of the corrected range is slightly less than the sentence appellant received.
Accordingly, upon resentencing, the trial court should use a 1994 scoresheet reflecting the correct level and points for the prior offense of delivery of a counterfeit substance. Also, the trial court is not precluded from applying the multiplier for drug trafficking which was indicated on the original 1995 scoresheet.
Reversed and remanded.
POLEN, C.J., WARNER and HAZOURI, JJ., concur.

. On that scoresheet, a 1.5 multiplier box was checked, which would have enhanced appellant's score for drug trafficking. However, the scoresheet actually contained two sets of calculations, one without the enhancement for drug trafficking and one with the enhancement.