SALCINES, Judge.
Victor Manuel Quiles appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part, reverse in part, and remand.
Quiles pleaded no contest to leaving the. scene of an accident involving an injury. This offense occurred on August 18, 1996. Quiles also pleaded no contest to committing a lewd and lascivious act in the presence of a child under the age of sixteen. This offense occurred between October 1, 1996, and January 1, 1997. The trial court sentenced him to concurrent six-ye'ar terms as a youthful offender.
We affirm the trial court’s denial of Quiles’ claim regarding victim injury points. This issue as presented requires a factual inquiry and is not properly raised in a rule 3.800(a) motion. See Schneider v. State, 788 So.2d 1073 (Fla. 2d DCA 2001).
Quiles also seeks resentencing under the 1994 sentencing guidelines pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). Both of his offenses fall within the window period for resentencing. See Trapp v. State, 760 So.2d 924 (Fla.2000). The trial court denied Quiles’ claim, stating that Quiles was sentenced as a youthful offender and not under the 1995 sentencing guidelines.
The trial court incorrectly presumed that the sentencing guidelines cannot affect a youthful offender sentence. Under section 958.04(2)(d), Florida Statutes (Supp.1996), a youthful offender sentence “shall not exceed the maximum sentence for the offense for which the youthful offender has been convicted.” Section 958.04(3), Florida Statutes (Supp.1996), further limits a youthful offender sentence *1218 to the top of the sentencing guidelines “unless reasons are explained in writing by the trial court judge which reasonably justify departure.” If the sentencing points for Quiles decrease under the 1994 guidelines, his maximum allowable sentence could potentially decrease as well.
Quiles’ six-year sentence for leaving the scene of an accident is above the statutory maximum of five years, which may not be allowable if the 1994 sentencing guidelines do not exceed the statutory maximum. Further, while the six-year sentence for committing a lewd and lascivious act does not exceed the statutory maximum, the sentence also would not be permissible, absent an upward departure, if the sentence exceeds the 1994 sentencing guidelines.
This court cannot determine whether Quiles is' entitled to resentencing under Heggs because the trial court failed to attach a copy of the 1994 guidelines as required under Howell v. State, 793 So.2d 26 (Fla. 2d DCA 2001). Accordingly, we reverse the denial of the motion on this ground of error. On remand, if the trial court again finds that resentencing is not necessary pursuant to Heggs, the trial court must attach to its order the record documents used to justify that conclusion. See Gatto v. State, 768 So.2d 1169 (Fla. 4th DCA 2000).
Affirmed in part, reversed in part, and remanded.
FULMER, A.C.J., and GREEN, J., Concur.