PER CURIAM.
John A. Davis appeals from an order summarily denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without discussion the trial court’s denial of the first five grounds of his motion, all claims of ineffective assistance of counsel, and that part of appellant’s sixth ground pertaining to L.T. case number 97-12527. We reverse the trial court’s summary denial of appellant’s sixth claim, concerning his sentence in L.T. case number 97-5004.
In the sixth ground for his motion, appellant argued that his sentences in case numbers 97-12527 and 97-5004 exceeded the limits provided by law, because they were based on the 1995 sentencing guidelines, which were declared unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000) (sustaining a constitutional challenge to the 1995 sentencing guidelines, enacted by chapter 95-184, in violation of the single subject rule). We agree with the State that appellant lacked standing to raise a Heggs claim with respect to L.T. case number 97-12527, because those offenses were alleged to have been committed on November 18 and 19, 1997. See Trapp v. State, 760 So.2d 924 (Fla.2000) (holding that only those persons whose offenses were committed on or after October 1, 1995, and before May 24, 1997 have standing to challenge their sentences under Heggs).
The State concedes that appellant had standing to challenge his sentence in L.T. case number 97-5004 under Heggs, because the offenses occurred on May 3, 1997 (within the Heggs window). However, the State argues that a recomputed 1994 scoresheet reflects a sentencing range of 64.2 to 107 months (5.3 to 8.9 years), such that appellant’s concurrent 5 year sentences for each of the two counts of that ease constitute a downward departure from the 1994 guidelines. In support of its response to appellant’s motion, the State purported to attach a recalculated 1994 scoresheet as an exhibit to the response. However, the only scoresheet *368 provided was appellant’s 1995 scoresheet. We also note that on the same date that it entered its order summarily denying appellant’s motion, the trial court ordered the State to prepare “rescored 1994 guidelines as to this case.” Furthermore, the summary record on appeal provided to this court by the circuit court does not include a 1994 scoresheet.
When the State filed its response to this court’s order to show cause, it apparently was unaware that the trial court’s order did not have a 1994 score-sheet attached. In that response, the State urges this court to affirm because the sentences were a downward departure from the 1994 guidelines range, but acknowledges that relief might not be precluded under the precise language of Heggs, in which the supreme court stated “we determine that if a person’s sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here.” 759 So.2d at 627. Here, the State indicates that the sentence could not have been imposed under the 1994 guidelines without a downward departure. This court addressed that issue in Bethel v. State, 764 So.2d 823 (Fla. 4th DCA 2000), and concluded that when the sentence imposed is also a downward departure from the 1994 guidelines, no relief under Heggs is warranted because “the sentence could have been imposed under the 1994 guidelines and the appellant was not adversely affected by the amendments.” Id. at 824.
Without a recalculated 1994 sentencing guidelines scoresheet, we are unable to determine that appellant was not entitled to relief in L.T. ease number 97-5004 under Heggs. We therefore reverse and remand this cause to the trial court for reconsideration of appellant’s sentence in light of a recalculated 1994 sentencing guidelines scoresheet and for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
POLEN, C.J., DELL and TAYLOR, JJ., concur.