PER CURIAM.
After violating the terms of his probation, Ivory Howard appeared before the trial court for sentencing for eight sepa *697 rate offenses. The 1994 guidelines were applicable to the offenses committed before May 24,1997, identified as counts one, three, seven, and eight of the information. See Trapp v. State, 760 So.2d 924, 928 (Fla.2000) (determining that window period for challenging sentences imposed under 1995 guidelines held unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000), closed on May 24, 1997). The balance of the offenses, counts two, four, five, and six, were committed in July 1997, and the 1995 guidelines were applicable to them. See Trapp, 760 So.2d at 928 (explaining that defendants do not have standing to challenge the 1995 guidelines as unconstitutional after the close of the Heggs window period).
Over the State’s objection, the trial court used a single 1994 scoresheet to calculate Howard’s guidelines sentence for all eight offenses. The trial court was required to use a separate 1995 scoresheet for the four offenses committed in July 1997. Accordingly, we affirm the order revoking probation but reverse the sentences and remand for resentencing on all offenses using separate scoresheets. See § 921.0014(3), Fla. Stat. (1997); Fla. R.Crim. P. 3.703(d)(3).
Affirmed in part, reversed in part, and remanded for resentencing.
ALTENBERND, C.J., and FULMER and WALLACE, JJ., Concur.