PETERSON, J.
Keith Vickers appeals his resentencing in a Florida Rule of Criminal Procedure 3.800 proceeding in which the trial court and the State agreed that his original sentence was erroneously imposed using a 1995 seoresheet. The court and the parties correctly concluded that because Vick-ers committed the crimes for which he was sentenced at a time when the 1995 guidelines were not effective, he should have been sentenced pursuant to the 1994 guidelines.[1]
Vickers remains dissatisfied with the reduced sentence that he received under the 1994 guidelines, complaining that he did not receive the benefit of his original plea agreement wherein the State agreed to a mid-range guidelines sentence.[2] Under the 1995 guidelines, the mid-range was 95.4 months and the State agreed to a cap of 95 months. When Vickers was resen-tenced under the 1994 guidelines, the mid-range was 61.8 months, but. he was resen-tenced to 78.5 months. We affirm the sentence imposed pursuant to the 1994 guidelines for two reasons. First, because the sentence is within the 1994 guidelines and is a legal sentence. Secondly, because the trial court did not have the opportunity to determine whether Vickers should have *629 received a mid-range sentence under the 1994 guidelines. At the resentencing hearing, the State requested a high-range sentence of 78.5 months, while Vickers requested a minimum sentence of 47.1 months. The State represented to the trial court, in support of its request for a high-range resentencing, that the original previously-imposed sentence, pursuant to the 1995 guidelines, was a “top of the cap” sentence.[3] The State’s representation was not challenged at the hearing.
Lastly, we find no merit in Vickers’ argument that the third-degree felonies appearing originally on the 1995 scoresheet as additional offenses should appear as prior felonies on his 1994 scoresheet.
AFFIRMED.
SAWAYA, C.J., and MONACO, J., concur.

. See Ch. 95-184, 19, at 1708-10, Laws of Fla. (amending section 775.087, applicable to offenses committed on or after October 1, 1995). In Heggs v. State, 759 So.2d 620 (Fla.2000), the Florida Supreme Court invalidated chapter 95-184 because it violated the single subject rule. In Trapp v. State, 760 So.2d 924 (Fla.2000), the Florida Supreme Court clarified that crimes committed between October 1, 1995 and May 24, 1997 must be sentenced according to the 1994 sentencing guidelines.

. We note Vickers’ reliance on Heggs v. State, 759 So.2d 620 (Fla.2000), for the assertion that he should not be sentenced beyond the mid-range score under the 1994 guidelines is misplaced because Heggs does not provide relief based on a party's failure to receive the benefit of their plea bargain.

. Our affirmance is without prejudice to Vick-ers to seek a hearing pursuant to rule 3.850 in which the trial court may consider his argument that imposition of a mid-range sentence under the 1994 guidelines is required rather than a high-range sentence.