PER CURIAM.
Appellant, Joshua Arthur, challenges the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, appellant contends his sentences are illegal where he was sentenced in case numbers 96-257 and 99-177 under unconstitutional 1995 guidelines and where he committed his crimes during the relevant window period.
Appellant’s claim is premised on Heggs v. State, 759 So.2d 620 (Fla.2000), in which the supreme court declared Chapter 95-184, Laws of Florida, unconstitutional and authorized resentencing for those defendants sentenced under the revision to the guidelines contained in Chapter 95-184 where the defendant’s current sentence exceeds the maximum sentence authorized under the prior, valid guidelines version.
In order to have standing to raise a Heggs claim, appellant’s offenses must have occurred between October 1, 1995, and May 24,1997. See Trapp v. State, 760 So.2d 924 (Fla.2000). Upon review of the record, it appears appellant does have standing to challenge his sentencing score-sheet utilized in lower tribunal case number 96-257. However, appellant’s claims in regard to his sentence in case number 99-177 are without merit as he lacks standing to challenge the scoresheet computation where these offenses did not occur in the Heggs window and where the sentence imposed is not otherwise illegal. See Rosier v. State, 864 So.2d 1285, 1286 (Fla. 1st DCA 2004) (holding Criminal Punishment Code scoresheet errors are harmless where a sentence is not illegal if a sentence could be imposed under a correctly calculated scoresheet).
In the instant case, the record evidences the trial court’s use of a single scoresheet to score both cases 96-257 and 99-177. The use of a single scoresheet to score separate offenses is erroneous where the crimes took place under differing versions of the sentencing guidelines. See Profitt v. State, 789 So.2d 1194 (Fla. 4th DCA 2001); Fla. R.Crim. P. 3.703(d)(3). However, in order to make a facially sufficient Heggs claim challenging the trial court’s utilization of a single scoresheet to *88 score separate offenses where the crimes took place under differing versions of the sentencing guidelines, an appellant must show that the sentence imposed under the unconstitutional 1995 sentencing guidelines constituted a departure sentence under the 1994 sentencing guidelines. Profitt, 789 So.2d at 1196.
In his motion, appellant asserts that under a 1994 scoresheet, scoring case number 96-257 alone, he would score out to between 26.45 and 43.75 months’ imprisonment. Thus, appellant asserts his current sentence of five years’ imprisonment in case number 96-257 amounts to a departure sentence under the 1994 sentencing guidelines. Although the trial court disagreed with appellant’s computation and asserts that appellant’s sentence fell within the guidelines of a 1994 scoresheet, the court failed to attach a corrected score-sheet or to state whether its reliance was placed on a combined or distinct score-sheet as required by rule 3.703(d)(3). See Tubman v. State, 815 So.2d 784 (Fla. 1st DCA 2002) (reversing where the trial court summarily denied the appellant’s Heggs claim based on its assertion that the appellant’s sentence did not constitute an upward departure from a corrected 1994 guidelines scoresheet but where the court failed to attach a corrected 1994 guidelines scoresheet supporting its determination).
Accordingly, we reverse and remand to the trial court with directions to either attach record excerpts conclusively refuting appellant’s entitlement to resentencing or to resentence appellant in lower tribunal case number 96-257.
REVERSED and REMANDED.
ALLEN, LEWIS and HAWKES, JJ., concur.