975 So.2d 1212 (2008)
Lawrence BURNS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2624.
District Court of Appeal of Florida, Fifth District.
March 7, 2008.
Lawrence Burns, DeFuniak Springs, pro se.
Bill McCollum, Attorney General, Tallahassee, and L. Charlene Matthews, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Burns appeals from a summary denial of his Rule 3.800(a)[1] motion to correct sentencing. We reverse.
In 1998, Burns pled no contest to lewd and lascivious assault upon a child for an incident which allegedly occurred on November 1, 1996. As a result of this plea, Burns was sentenced to five years of sex offender probation.
Burns subsequently violated his probation and was sentenced in March, 2000, to fifty-one weeks incarceration followed by another five years of sex offender probation.
In May, 2002, Burns again violated his probation. He was arrested for the VOP on January 10, 2007. The following month, Burns admitted the violation and was sentenced to ninety months incarceration.
Shortly thereafter, Burns filed his motion to correct sentence, alleging that the trial court utilized the wrong scoresheet at the 2007 sentencing. Specifically, Burns alleged that the trial court utilized a 1995 sentencing guideline scoresheet  rather than a 1994 scoresheet, as required by Heggs v. State, 759 So.2d 620 (Fla.2000).[2] Burns argues, and the State appears to agree, that under the 1994 scoresheet, the maximum allowable sentence would be 82.5 months.
*1214 On remand, the trial court must either attach records conclusively refuting Burns' claim, or alternatively, resentence Burns in accordance with Heggs.
REVERSED and REMANDED.
PALMER, C.J. and MONACO, J., concur.
NOTES
[1] Fla. R.Crim. P. 3.800(a).
[2] In Heggs v. State, 759 So.2d 620 (Fla.2000), the Florida Supreme Court held that Chapter 95-184, Laws of Florida, containing, inter alia, the 1995 sentencing guidelines, was unconstitutional because it violated the Florida Constitution's single-subject rule. Accordingly, where a defendant was sentenced under the unconstitutional 1995 guidelines and his sentence could not be imposed under the 1994 guidelines without a departure, a defendant would be entitled to resentencing under the 1994 guidelines. In Trapp v. State, 760 So.2d 924 (Fla.2000), the Supreme Court elaborated on the window period for defendants to raise such a claim under Heggs. There, the Supreme Court stated:

[P]ersons . . . who are challenging a sentence imposed under the sentencing guidelines as amended by chapter 95-184 have standing to do so if the relevant criminal offense or offenses occurred on or after October 1, 1995, and before May 24, 1997.
Id. at 928.