766 So.2d 457 (2000)
Climmie TARLBERT, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1329.
District Court of Appeal of Florida, Fifth District.
August 31, 2000.
Climmie Tarlbert, Jr., Crawfordville, pro se.
*458 Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Climmie Tarlbert appeals the order denying his rule 3.800(a) motion to correct an illegal sentence. We reverse and remand for further proceedings in light of the supreme court's ruling in Trapp v. State, 760 So.2d 924 (Fla.2000), the benefit of which the trial court lacked when ruling on Tarlbert's motion.
Tarlbert was charged with the October 1996 offenses of robbery, aggravated battery, and aggravated assault. Based on a negotiated plea agreement, Tarlbert was sentenced to a 55-month term of incarceration pursuant to the 1995 sentencing guidelines in exchange for a guilty plea to the crime of aggravated assault with a firearm. Tarlbert filed a rule 3.800(a) motion alleging that this sentence is illegal based on Heggs v. State, 759 So.2d 620 (Fla.2000). Pursuant to Heggs, a defendant seeking collateral relief may do so if he can allege that the crime for which a sentence was received falls within the window period and that the application of the unconstitutional statute resulted in the imposition of a departure sentence. At the time the trial court denied Tarlbert's motion, the closing date of the window period had not been defined by the supreme court. We now know, pursuant to Trapp, that the window period for challenging the sentencing guidelines opened on October 1, 1995, and closed on May 24, 1997. Trapp, 760 So.2d at 928. Tarlbert's offenses, committed in October 1996, fall squarely within the window period.
Not only has Tarlbert sufficiently alleged that his crimes were committed within the window period, Tarlbert also asserted that the sentence he received under the 1995 guidelines could not have been imposed under the 1994 guidelines absent an upward departure. Specifically, he alleged that if he had been sentenced under the 1994 guidelines, he would have been sentenced to a maximum of 48.25 months. To support these allegations, he provided copies of both the 1994 and 1995 scoresheets. Therefore, Tarlbert has met Heggs's two-prong test.
Although Tarlbert is clearly entitled to seek relief under Heggs, Tarlbert is not entitled to automatic resentencing under the 1994 guidelines because his original sentence was the result of a plea agreement. The State apparently dropped and or reduced the additional charges against Tarlbert in exchange for his plea to aggravated assault.[1] Where a defendant is entitled to relief under Heggs, but his original sentence was the result of a plea agreement, the state has the option on remand of proceeding to trial on the original charges or electing to have the defendant resentenced under the 1994 sentencing guidelines.
Accordingly, the order appealed is reversed. The case is remanded with the direction that the State be given the option of proceeding to trial on all of the original charges or agreeing to have the sentence vacated and Tarlbert resentenced under the 1994 sentencing guidelines.
REVERSED and REMANDED with instructions.
THOMPSON, C.J., and PETERSON, J., concur.
NOTES
[1] Although the record does not contain a transcript of the plea dialogue or a copy of a written plea, the State agrees in its response that Tarlbert was sentenced pursuant to the 1995 guidelines. Moreover, the 1995 guideline scoresheet, which has been placed in the record, supports the assertion by both Tarlbert and the State that a 1995 guideline sentence was contemplated by the plea.