789 So.2d 1052 (2001)
Mitchell HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2936.
District Court of Appeal of Florida, Fifth District.
June 8, 2001.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tammy L. Jaques, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Appellant pled guilty to DUI manslaughter pursuant to an agreement with the State for a sentence of 144 months incarceration. The 1995 guideline would have been the effective guideline had appellant not negotiated his plea. Once the 1995 guideline was held unconstitutional so that the 1994 guideline would have been the one to consider, appellant asked to be resentenced under Heggs.
In Tarlbert v. State, 766 So.2d 457 (Fla. 5th DCA 2000), we granted relief in a similar case remanding to the trial court to determine whether the negotiated sentence was entered based on the 1995 guideline or was independent of it. If the agreed sentence was based on the 1995 guideline, we held that the defendant was entitled to be resentenced under Heggs. This, however, is not a Tarlbert case. Here, the trial court determined that since the sentence was not illegal (it was entered pursuant to a negotiated plea), a 3.800 motion was inappropriate to determine the issue of whether appellant was given "faulty information with regard to applicability of the proper plea form or sentence guideline score sheet that he used." This is the language used by defense counsel in seeking a continuance to file a 3.850 motion to withdraw the plea based on ineffective *1053 assistance of counsel. This is an acknowledgment below that the negotiated term was not conditioned on any particular guideline.
Because the court determined that the sentence was based on a negotiated plea, it was not dependent on any guideline and it therefore denied Heggs relief. The court left open appellant's avenue of relief under 3.850 based on appropriate factual allegations. Because we find the court properly analyzed the problem and remained open to further relief if proper, we affirm.
AFFIRMED.
HARRIS, GRIFFIN and SAWAYA, JJ., concur.