PER CURIAM.
The appellant challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In 1998, the appellant pled guilty to one count of aggravated battery causing great bodily harm and was sentenced to 11 years on probation, with a special condition that he serve 22 months in a county jail bed program. The appellant’s probation was subsequently revoked and he was sentenced to 96 months’ imprisonment. The appellant asserts that the scoresheet used to sentence him upon violation of probation was incorrect under Heggs v. State, 759 So.2d 620 (Fla.2000).
In order to assert a facially sufficient Heggs claim, an appellant must allege: (1) he was sentenced under the unconstitutional 1995 guidelines, and (2) his sentence could not be imposed under the 1994 guidelines without a departure. See Daniels v. State, 771 So.2d 57 (Fla. 2d DCA 2000). The appellant has alleged that he was sentenced under the unconstitutional 1995 guidelines as his crime was committed on January 25, 1997, within the Heggs window. See Trapp v. State, 760 So.2d 924 (Fla.2000) (holding that defendants who were convicted of crimes occurring between October 1, 1995, and May 24, 1997, and were sentenced under the unconstitutional 1995 guidelines, have standing to raise a Heggs claim). The state conceded in response to the trial court’s order to show cause that the appellant’s sentence would constitute an upward departure under the 1994 guidelines. The state also attached a 1994 scoresheet indicating that the appellant’s maximum sentence would have been 90 months’ imprisonment. Thus, it appears that the appellant is entitled to relief.
In its order denying relief, the trial court held that the appellant’s 1998 plea agreement demonstrates that the appellant specifically agreed to be sentenced under the 1995 guidelines. However, the plea agreement, filed before Heggs declared the 1995 guidelines unconstitutional, does not indicate that the appellant waived his right to be sentenced under the 1994 guidelines upon his violation of probation in 2004. The trial court failed to attach any other documents demonstrating that the appellant’s 96-month sentence could have been imposed under the 1994 guidelines, or that the sentence was imposed pursuant to a plea agreement that was not conditioned on the guidelines, or that the appellant waived sentencing under the guidelines. See Hall v. State, 789 So.2d 1052 (Fla. 5th DCA 2001) (holding that *218 defendant was not entitled to Heggs relief where plea agreement was not conditioned on a guidelines sentence). The trial court also noted that the appellant’s original 96-month sentence was a true split sentence, wherein the entire prison term was suspended provided the appellant complete two years of community control and five years of probation. If the appellant’s sentence was originally suspended, he would not be entitled to relief. See Vause v. State, 803 So.2d 799 (Fla. 1st DCA 2001) (“having accepted the benefits of the suspended sentence, the appellant is now es-topped to challenge the imposition of the unsuspended term as violative of Heggs upon violation of supervision”). However, the trial court did not attach any documentation demonstrating this to be the case.
Thus, we REVERSE and REMAND for trial court to attach record documentation refuting the appellant’s claim or to grant relief.
WEBSTER, BENTON, and VAN NORTWICK, JJ., concur.