949 So.2d 256 (2007)
William CERNAK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4528.
District Court of Appeal of Florida, Second District.
January 26, 2007.
*257 Jeffrey A. Haynes of Haynes and Miller, P.A., Sarasota, for Appellant.
William Cernak, pro se.
Bill McCollum, Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
William Cernak seeks review of the amended sentence that was entered after the trial court granted his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We find merit only in Cernak's argument that the trial court erred in failing to issue a written amended sentence for counts two and three. We therefore reverse and remand for entry of a written amended sentence on all three counts that comports with the trial court's oral pronouncement.
In 1997, a jury found Cernak guilty of one count of kidnapping (count one) and two counts of sexual battery (counts two and three) for offenses that were committed on January 1, 1996. The court sentenced Cernak pursuant to the 1995 sentencing guidelines to three thirty-one-year concurrent prison terms followed by ten years of probation. Three years later, the supreme court declared the 1995 sentencing guidelines unconstitutional, see Heggs v. State, 759 So.2d 620 (Fla.2000), and Cernak subsequently filed a motion for postconviction relief pursuant to rule 3.800(a). The trial court granted Cernak's motion and resentenced Cernak under the 1994 sentencing guidelines.
The trial court orally sentenced Cernak to 203.5 months in prison followed by ten years' probation on count one and to ten years' probation on counts two and three to run consecutive to the incarceration in count one. However, the written amended sentence only pronounces a sentence on count one. Cernak noticed the discrepancy and filed a pro se "Motion/Request For Clarification" in the trial court in which he requested that the court "clarify and/or correct the problem created recently by the court's resentencing." The trial court subsequently granted Cernak's motion for clarification but did not correct the error. Instead, the court indicated that the written amended sentence reflected a sentence of ten years' probation on counts two and three to run consecutive to the incarceration in count one.
Cernak's motion for clarification was the equivalent of a motion to correct sentencing error filed pursuant to rule 3.800(b)(1). Thus, Cernak preserved this issue for review. We conclude that the trial court's interpretation of the written amended sentence was erroneous. As Cernak correctly asserts, the written amended sentence does not impose a sentence on counts two and three. Accordingly, we reverse and remand for entry of a written amended sentence on all three counts that comports with the trial court's oral pronouncement.
Reversed and remanded.
DAVIS and WALLACE, JJ., Concur.