998 So.2d 1214 (2009)
William CERNAK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-123.
District Court of Appeal of Florida, Second District.
January 30, 2009.
*1215 William Cernak, pro se.
Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
William Cernak challenges the final order that denied his motion for postconviction relief under Florida Rule of Criminal Procedure 3.800(a). In his motion, Mr. Cernak asserted four claims. We affirm without comment the postconviction court's denial of relief as to claim one as it appears moot.[1] Further, we affirm without comment the denial of relief on claims two and three. As to claim four, we reverse.
For crimes committed in late 1995 and early 1996, Mr. Cernak was facing nine counts of charges under four case numbers: three counts of kidnapping and six counts of sexual battery of four victims. He faced a jury in the first case, which found him guilty as charged of one count of kidnapping and two counts of sexual battery. After this trial, he and the State agreed that he would plead guilty to the other three cases if he received a concurrent "same sentence" as the first case. His 1995 guidelines scoresheet showed a range of 24.9 to 31.1 years for the first case. The trial court believed that the top of the guidelines was appropriate and sentenced him in all four cases to 31 years' incarceration concurrent for six of the nine counts followed by 10 years' probation on four of the counts, also concurrent. His direct appeal was affirmed. Cernak v. State, 731 So.2d 659 (Fla. 2d DCA 1999) (table decision).
Subsequently, the supreme court decided that the 1995 guidelines, under which Mr. Cernak was sentenced, were unconstitutional. Heggs v. State, 759 So.2d 620 (Fla.2000). In April 2005, claiming a *1216 Heggs error on the face of the record, he filed a motion pursuant to rule 3.800(a) in the first case only. The trial court afforded him postconviction relief, rejected the State's request for an upward departure, and resentenced him under the 1994 guidelines to 16.9 years on the count of kidnapping followed by 10 years' probation, and concurrent 10 years' probation on the two counts of sexual battery in that case. The trial court rejected the upward departure because of its original intent of keeping to the top of the guidelines. Mr. Cernak believed that the new sentencing order did not properly reflect the pronouncement of the sentence and again appealed. This court affirmed in part, reversed in part, and remanded for entry of a written sentence on all three counts of the first case that comported with the oral pronouncement. Cernak v. State, 949 So.2d 256 (Fla. 2d DCA 2007).
Mr. Cernak, maintaining that the corrections that this court ordered were not properly done, continued his efforts to have his sentencing scheme reflect the original intention of the plea bargain. Not receiving the relief to which he believed he was entitled, in November 2007 he filed a second motion pursuant to rule 3.800(a), asserting four claims. When the postconviction court denied him relief on all four, he filed the present appeal.
In the fourth claim, Mr. Cernak alleges that at his original sentencing in 1996, he and the State agreed that he would receive the "same sentence" in the three cases to which he pleaded as he received in the first case that was tried. Therefore, he argues, the sentences for the six counts of the three cases to which he pleaded should also be 16.9 years' incarceration followed by 10 years' probation, although he does not suggest how they should be configured among the various counts. The sentences for these three cases are currently concurrent 31 years' incarceration for three of the counts, followed by concurrent 10 years' probation for the other three counts, as the sentencing court originally ordered in 1996. The State contends that he should not get the "same sentence" as the first casenow 16.9 yearsfor these three other cases because a sentence of 16.9 years would be a downward departure for them. It would be a downward departure because these three cases together have double the number of counts to score, and when calculating a proper 1994 guidelines scoresheet for these three cases, the bottom of the guidelines range would be far in excess of 16.9 years. The State argues that the only reason it originally agreed under the 1995 guidelines to the "same sentence" was because the "same sentence" of 31 years' incarceration for the first case was also within the 1995 guidelines range for these three cases. The State maintains that it would never have originally agreed to a "same sentence" if it meant a downward departure at that time.
It appears that as a result of Heggs, one side or the other will suffer consequences unanticipated under their original plea bargain. In order to allow both sides a plea agreement based on a correct understanding of the post-Heggs circumstances, we suggested to the parties, and the State has concurred, that Mr. Cernak's fourth claim be treated as a motion to enforce the plea agreement under Florida Rule of Criminal Procedure 3.850 and be disposed of on the merits. Therefore, we reverse the order as to the fourth claim only. On remand, if Mr. Cernak does not agree to a sentence under a properly calculated 1994 scoresheet, he shall be allowed to withdraw his plea. The State shall also be allowed to withdraw from the plea agreement if the resentencing court intends to honor Mr. Cernak's understanding that he should receive for the three cases the "same sentence" as the first case. See *1217 Tarlbert v. State, 766 So.2d 457 (Fla. 5th DCA 2000) (holding that the defendant was entitled to seek collateral relief from an illegal sentence under Heggs, but because the original sentence was the result of a plea bargain, the State had the option on remand of proceeding to trial on the original charges or electing to have the defendant resentenced under the 1994 sentencing guidelines).[2]
Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
CASANUEVA, VILLANTI, and KHOUZAM, JJ., Concur.
NOTES
[1] Based on Department of Corrections' documents sent to him and which he provided to this court in an appendix to his initial brief, Mr. Cernak's version of what the Department of Corrections' records containregarding the current configuration of the sentences for the counts of the case to which his first claim refersdiffers greatly from the postconviction court's version as stated in its final order. To clarify this situation, this court ordered the appellee's counsel to consult with the Department of Corrections and report in writing the length of all sentences the Department of Corrections has him serving in all four cases. Counsel readily complied with this order and included an affidavit from a Department of Corrections' employee attesting to the sentencing scheme under which the Department is holding Mr. Cernak. This response comports with the relief that Mr. Cernak has requested in his first claim. Based on this extra-record but credible documentation, it appears that Mr. Cernak has received the relief he requested in his first claim.
[2] We note that the proposed 1994 scoresheet for the other three cases that the State submitted for consideration in its argument contains miscalculations. On remand and to avoid further appellate proceedings, we caution the parties to carefully review the scoresheet as to degrees of crimes and simple arithmetic.